Edward Martin NEWALK, Robert William Devay and Jerome Adolph Blumson, Appellants,

v.

UNITED STATES of America, Appellee.

No. 16823.

United States Court of Appeals Fifth Circuit.

April 29, 1958.

G. W. Gill, New Orleans, La., for appellant.

E. E. Talbot, Jr., Asst. U. S. Atty., New Orleans, La., M. Hepburn Many, U. S. Atty., New Orleans, La., for appellee.

Before JONES, BROWN, and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

Edward M. Newalk, Robert W. Devay, and Joseph A. Blumson, represented by an attorney, pleaded guilty to an information charging them with transporting a forged and falsely made check in interstate commerce. The information tracked the relevant statute, 18 U.S.C.A. § 2314, and contained the words "with intent to defraud". After they were sentenced, the defendants, represented by another attorney, filed a motion to withdraw their plea of guilty on the ground that the plea was "an improvident act" in that "an essential element of the crime was missing, i. e. an intent to defraud". With this motion the defendants filed a motion for a bill of discovery asking that FBI records be produced, citing Jencks v. United States, 1957, 353 U.S. 657, 77 S. Ct. 1007, 1 L.Ed.2d 1103, and alleging that the records would show that defendants had no intent to defraud. The district court denied both motions.

A plea of guilty admits all the averments of an information or an indictment. "It amounts to a conviction and is just as conclusive as the verdict of a jury. When a defendant pleads guilty he may be held bound by it." United States v. Swaggerty, 7 Cir., 1955, 218 F.2d 875, 880. See also Kercheval v. United States, 1927, 274 U.S. 220, 47 S. Ct. 582, 71 L.Ed. 1009; Friedman v. United States, 8 Cir., 1953, 200 F.2d 690. Defendants cannot, therefore now deny their admission of intent to defraud.

Rule 32(d) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides:

"(d). Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

Under this rule, the grant or denial of a motion to withdraw a plea of guilty is

within the sound discretion of the trial court. Kercheval v. United States, 1927, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009; Mitchell v. United States, 5 Cir., 1950, 179 F.2d 305; Williams v. United States, 5 Cir., 1951, 192 F.2d 39; United States v. Mignogna, 2 Cir., 1946, 157 F.2d 839. Here, there was no showing that the defendants were ignorant or illiterate, or that they were under any misapprehension of their legal rights, or that they were inadequately represented by counsel, or that they were taken advantage of in any way. Defendants were represented by competent counsel, a former Assistant United States Attorney, who advised them prior to their plea. We find no "manifest injustice" against defendants and no abuse of discretion by the trial judge in denying defendants' motions.

The bill of discovery falls with denial of the motion to withdraw the plea of guilty; discovery addresses itself to proof at a trial. Jencks v. United States has no application to this case. Judgment is

Affirmed.