Leanel WILLIAMS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18804.

United States Court of Appeals
Fifth Circuit.

May 19, 1961.

Leanel Williams, Atlanta, Ga., in pro. per.

Joe Tunnell, U. S. Atty., Tyler, Tex., for appellee.

Before CAMERON, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

The appellant was indicted for murder under 18 U.S.C.A. § 1111. Thereafter he entered a plea of not guilty. Subsequently on the date set for trial he appeared with his court-appointed counsel. He withdrew the plea of not guilty and entered a plea of guilty to the charge of second degree murder. On that plea the Court sentenced him to life imprisonment.

A year and a half later he filed a motion stated to be pursuant to F.R.Crim.P. 33, 18 U.S.C.A. for a new trial based on newly discovered evidence. In reality the complaint was that the Government offered no evidence and that the testimony of the witnesses as to the altercation resulting in the homicide as well as the doctors' medical opinions on the cause of death should have been offered. While it is expressed in an inartful way we treat the papers as though they state that had this been done, the Trial Court would not have found him guilty.

But a plea of guilty is a judicial admission of all of the elements of the crime and no proof is needed. Newalk v. United States, 5 Cir., 1958, 254 F. 2d 869. So long as the plea of guilty having these legal consequences stands these matters are foreclosed. A motion for new trial, F.R.Crim.P. 33, would not be the way of raising the question of the validity of the plea of guilty. But treating all of the papers as a 28 U.S.C.A. § 2255 proceeding as appellant has urged us to do, there is nothing in the moving papers showing anything which would require a hearing or which would entitle him to relief from the judgment of conviction upon his plea of guilty.

Affirmed.