**UNITED STATES of America**

**v.**

**Joseph John CUFF (two cases).**

**Crim. Nos. 27821, 27822.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Jan. 29, 1962.

M. Hepburn Many, U. S. Atty., Nicholas J. Gagliano, Asst. U. S. Atty., for the United States.

Joseph John Cuff in pro. per.

CHRISTENBERRY, Chief Judge.

These matters are before the Court on a motion to vacate the sentences imposed in both of the captioned cases.

Mover invokes the provisions of Rule 35, F.R.Civ.P., and Title 28 U.S.C. § 2255.

The grounds for the motions are "that the judgment and sentence was obtained without lawful process." In his motion mover alleges that he was arrested by a police officer of the City of New Orleans, Louisiana, on July 27, 1960; that at the time of his arrest he was struck by some unnamed companion of the arresting officer; that, thereafter, he was subjected to abuse, threats, coercion and interrogation by city police officers and later turned over to federal officers who subjected him to threats, promises, intimidations and psychological pressures". He also claims that he was denied needed medical attention, although he admits that on July 28, 1960, he was taken to Charity Hospital.

It should be stated parenthetically that mover was arrested by city police after a chase which culminated in his wrecking the stolen car which he was driving. The medical treatment afforded mover at Charity Hospital was for injuries, primarily to his arm, sustained in this wreck.

In No. 27821 defendant was charged in three counts with violating Title 18 United States Code § 1708, by abstracting

mail from letters stolen from Post Office lock boxes situated in the Jefferson Branch of the New Orleans Post Office.

In No. 27822, he was charged with having violated Title 18 United States Code § 2312, by transporting and causing to be transported in interstate commerce Philadelphia, Pa. to New Orleans, Louisiana, a 1957 Cadillac automobile, knowing the same to have been stolen.

He was arraigned on all charges on August 17, 1960, at which time he was fully informed by the Assistant United States Attorney of his right to be represented by an attorney, and was told that if he could not afford an attorney the Court would appoint one to represent him. The defendant stated that he wished to waive his right to counsel and to enter his own plea. He was thereupon handed two written waivers, one for each case, which, after reading, he signed.

The defendant was then informed of his right to have the charges against him presented to a Grand Jury, of his right to waive such presentation, and to be proceeded against by information instead of by indictment. He elected to proceed by way of information, and thereupon signed a written waiver of indictment in each case.

The Assistant United States Attorney thereupon obtained leave of the Court to file the informations, and the informations were then filed.

The defendant was then arraigned. He entered a plea of guilty to each count of Information No. 27821, as it was read to him, and to the one count of No. 27822 after it was read to him.

As is the custom in this Court, the Assistant United States Attorney then placed in the witness stand the investigating agents. A Special Agent of the Federal Bureau of Investigation gave testimony concerning the facts involved in the interstate transportation of the stolen automobile charged in No. 27822, and also gave the Court the facts concerning the defendant's criminal record. The defendant was then given the opportunity to ask the agent any questions he desired. He asked no questions, but did attempt to straighten out what he said were inaccuracies in the criminal record described by the agent. Thereafter, a Post Office Inspector testified as to the facts surrounding the charges laid in No. 27821, the theft of mail from post office lock boxes. The defendant was given the opportunity to question this witness also, but declined to do so. He was asked by the Court if he had anything to say before sentence was imposed and made a statement to the Court.

The defendant was then sentenced to serve three years on Information No. 27822. He was sentenced to serve four years on Count 1 of Information No. 27821, the sentence on this count to run consecutively to the sentence of three years imposed on Information No. 27822; and to serve four years on each of Counts 2 and 3, said sentences to run concurrently with the sentence imposed on Count 1 of Information No. 27821. Thus he received a total sentence of seven years.

The defendant states that this Court "did not conduct the trial in a dignified and proper manner, nor in a respectful manner. That his rights were violated, and that defendant's dignity as a human being was very much ridiculed, and that he was made out a fool in open Court. For, as testimony for the prosecution was being given, Judge Christenberry did interject comical remarks directed at the defendant." He also states, "The defendant objected to several false and misleading entries on his past criminal record as read by a government witness. Judge Christenberry overruled the defendant's objections."

█ Examination of the transcript of the proceedings had at the arraignment will disclose that these statements are entirely baseless.

█ It was clear to the Court at the time of the arraignment that the defendant was in full possession of all of his faculties. He freely, voluntarily and intelligently waived counsel and entered

a plea of guilty to each count. In these circumstances the plea of guilty admits all of the averments of each count to which such plea was entered. Newalk et al. v. United States, 254 F.2d 869 (1958), 5 C.C.A., and cases cited.

The motion to vacate the sentences is without merit, and it is, accordingly, denied.