**Leonard Edward JOHNSON**

v.

**UNITED STATES of America.**

Misc. No. 1168;  Crim. No. 26885.

United States District Court
E. D. Louisiana,
New Orleans Division.

Jan. 21, 1965.

Leonard Edward Johnson, in pro per. in Misc. No. 1168; Matthew Braniff, New Orleans, La., Lloyd Melancon, Asst. U. S. Atty., New Orleans, La., for Johnson in Crim. No. 26,885.

CHRISTENBERRY, Chief Judge.

This is a motion brought under the provisions of Title 28 U.S.C., § 2255, to vacate and set aside a fifteen-year sentence imposed on September 24, 1958, for violation of the National Bank Robbery Statute, Title 18 U.S.C., § 2113(a), (b).

The motion is based on contentions that movant was not adequately advised of the charge, was not adequately advised of his rights, and did not intelligently or understandably (sic) enter a plea of guilty.

It is clear from examination of the record that the motion is entirely without merit.

At his arraignment on September 24, 1958, movant was represented by experienced and competent counsel of his own choice, and he makes no complaint concerning his counsel's competency.

He was fully advised of his right to have the case presented to the Grand Jury and his right to waive indictment and have the case proceeded with that day. In reply he stated, "I want to have it done today".

He was then handed a written waiver of indictment which he and his counsel both signed.

With leave of Court an information in one count was then filed. Movant's counsel waived the reading of the indictment and entered a plea of guilty in behalf of movant. The Assistant United States Attorney then asked movant, "How do you plead?", and movant replied, "Guilty". In this connection it is interesting to note that although movant had been furnished a copy of transcript, in his motion he quoted the Assistant United States Attorney but omitted his own reply. This omission was, of course, made necessary by his contention that he had not been asked to plead and did not plead.

After the plea of guilty was entered the Court heard the testimony of an agent of the Federal Bureau of Investigation concerning the facts of the offense, and movant's prior criminal record. The witness was cross-examined briefly by movant's counsel.

The defendant was then asked if he had anything to say before sentence was imposed, and replied, "Nothing". He was then sentenced to a term of fifteen years' imprisonment. A copy of the waiver of indictment and transcript of the proceedings are attached.

As already stated, movant was at each stage of the proceedings represented by capable, experienced counsel of his own choice. Movant, fully aware of the charges against him, consciously and knowingly entered his plea of guilty to the charge on which he was sentenced. The sentence was a legal one, not in excess of the penalty provided by the statute.

In these circumstances, movant's plea of guilty admits all of the averments of the information to which the plea was entered. Newalk et al. v. United States, 254 F.2d 869 (1958), 5 CCA, and cases cited.

The motion and the files and records of this case conclusively show that movant is entitled to no relief.

Accordingly, the motion is denied and dismissed.