UNITED STATES of America,
Plaintiff-Appellee,

v.

Herman C. LAMBERT,
Defendant-Appellant.

No. 78–2022.

United States Court of Appeals,
Tenth Circuit.

Aug. 10, 1979.

Herman C. Lambert, pro se.

Before BARRETT, DOYLE and McKAY,
Circuit Judges.

McKAY, Circuit Judge.

Appellant was charged in a two-count indictment with assault to commit murder, in violation of 18 U.S.C. § 113(a), and conveyance of a weapon within a federal correctional institution, in violation of 18 U.S.C. § 1792. Through counsel, defendant gave notice pursuant to Rule 12.2(a) of the Federal Rules of Criminal Procedure that he might raise the defense of insanity at his trial. The government then moved for a psychiatric examination as contemplated by Rule 12.2(c) and for a judicial determination of competency pursuant to 18 U.S.C. § 4244. The court below granted the motion and ordered appellant to be examined by Dr. Moorman Prosser, who reported to the court his opinions that the appellant was competent to stand trial and that he was sane at the time of the alleged offenses.

After a hearing and receipt of Dr. Prosser's report, the court below found appellant to be competent to stand trial. It also apparently found that appellant was sane at the time of the alleged offense.[1] Two days later the appellant entered into a bargained plea of guilty to the lesser charge of assault with a dangerous weapon in violation of 18 U.S.C. § 113(c). Prior to ac-

---

1. Such a finding would appear to be improper. The principal purpose for a Rule 12.2(c) mental examination is to allow the government access to independent expert testimony regarding defendant's claim of insanity at the time of the alleged offense. Certainly no pretrial judicial determination of sanity is contemplated; determination of a defendant's sanity is for the trier of fact. Section 4244, by contrast, does call for a "judicial determination of [the] mental competency of the accused," but this relates to competency to stand trial, not sanity at the time of an alleged offense.

Although the propriety of combining the Rule 12.2(c) and § 4244 examinations and the court's "finding" that defendant was sane at the time

cepting the plea and dismissing the original indictment, the trial court inquired into both the guilty plea and the accompanying withdrawal of an oral motion, previously made by appellant's counsel, for an additional mental examination.

Several months later appellant filed a *pro se* motion for a new trial on the ground of newly discovered evidence. The basis of his claim was that he had discovered, after his conviction, that at least one of two psychiatrists who examined him shortly after the alleged incident had reached a conclusion consistent with his insanity defense. The trial court denied the motion.

We appointed counsel to represent appellant in his appeal from the denial of the motion for a new trial. After investigating appellant's contentions, counsel filed a socalled "Anders" brief in which he indicated that, in his view, the appeal was frivolous since a guilty plea cannot be questioned by way of a motion for a new trial. Counsel also asked for leave to withdraw.[2]

Having reviewed the record and considered both counsel's brief and appellant's *pro se* brief on appeal, we agree that the appeal is frivolous.

Rule 33 of the Federal Rules of Criminal Procedure, which authorizes motions for new trial, applies only to cases in which a *trial*, either to the court or to a jury, has taken place. Here defendant pleaded guilty; there was no trial. Case law on this point, although not plentiful, supports counsel's conclusion that "the validity of a guilty plea cannot be questioned by way of a motion for new trial." Counsel's Brief at 5. *See United States v. Prince*, 533 F.2d 205, 208 (5th Cir. 1976); *Williams v. United States*, 290 F.2d 217 (5th Cir. 1961) (per curiam). It follows that it was not error to deny appellant's motion for a new trial.[3]

Counsel notes in his *"Anders"* brief that appellant could seek relief under 28 U.S.C. § 2255 to challenge the alleged improprieties in connection with his guilty plea. A motion by appellant for relief pursuant to § 2255 may be worthy of serious consideration. Without deciding the issue, we note that appellant could have a legitimate complaint if his guilty plea was prompted by a perception that the trial court's determination of sanity at the time of the offenses effectively foreclosed his insanity defense.[4]

of the charged offenses are not before us, we find it appropriate in view of the record and the relative novelty of Rule 12.2 to emphasize the important distinction between the trial courts' responsibilities under § 4244 and Rule 12.2(c).

2. Counsel was acting in conformity with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967):

[Counsel's] role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal

points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

386 U.S. at 744, 87 S.Ct. at 1400.

3. The court in *Williams*, at the appellant's urging, treated the new trial motion as a motion pursuant to 28 U.S.C. § 2255. Appellant in the present case has not made a similar request. In view of the record before us, we decline to consider *sua sponte* the instant motion as one pursuant to § 2255.

4. We have already noted the impropriety of this apparent finding by the trial court. Note 1, *supra*. The appellant changed his plea to guilty two days after the court made its finding. We do not know what role the sanity finding played in appellant's decision to plead guilty to a lesser offense.

If § 2255 relief were sought on such a theory, it would be necessary to consider the effect of appellant's waiver at the time his guilty plea was accepted of "any questions with respect to [his] mental health at the time of the alleged commission." Record, vol. 2, at 7.

The instant appeal is dismissed as frivolous and counsel's motion to withdraw is granted.

WILLIAM E. DOYLE, Circuit Judge, concurs in the opinion except he believes the discussion of 28 U.S.C. § 2255 is unnecessary to this opinion and expresses no views thereon.