UNITED STATES of America, Plaintiff,

v.

**Donna Leah ROGERS, a/k/a Dionna Scott, Defendant.**

**No. CR–81–191–D.**

United States District Court,
W.D. Oklahoma.

Feb. 22, 1983.

---

John E. Green, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff.

Philip Horning, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

Upon consideration of the above Defendant's Motion For Judgment Of Acquittal, the Court finds that the same should be denied at this time without prejudice.

At the time of arraignment herein, the Defendant's attorney suggested that she was mentally incompetent and should be examined by a psychiatrist. Whereupon, the Court halted the arraignment and ordered a psychiatric examination of the Defendant by a local psychiatrist.

The local psychiatrist examined the Defendant and recommended that she be sent to the Federal Hospital at Springfield, Missouri for extended observation and study. The Court ordered such extended observation and study, which was conducted at the Federal Correctional Institution at Fort Worth, Texas. The report from this institution revealed that the Defendant was not competent to properly assist an attorney in preparing a defense.

The Court then on March 18, 1982, conducted a hearing under 18 U.S.C. § 4244, and on the evidence before it, found the Defendant to be mentally incompetent to stand trial at this time. Pursuant to procedural guidance announced in the cases of *Greenwood v. United States,* 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412 (1955), and *Jackson v. Indiana,* 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), the Court ordered the Defendant to the custody of the Attorney General of the United States or his authorized representative for a reasonable period of time necessary to determine whether there is a substantial chance of the Defendant attaining competence to stand trial in the foreseeable future with 90-day reports to be submitted to the Court. Defendant was sent to the Federal Correctional Institution at Lexington, Kentucky for such determination.

On August 18, 1982, a report from the Federal Correctional Institution at Lexington, Kentucky, advised the Court that the Defendant was mentally incompetent and that treatment was being continued. On November 15, 1982, a further report from the Federal Correctional Institution at Lexington, Kentucky informed the Court that the Defendant is to be considered mentally competent on medication. The Court ordered the Defendant returned to this Court for further proceedings.

Upon return to this Court, the case was set for hearing on February 14, 1983 to determine the Defendant's present mental competency to stand trial. This hearing was set and conducted under 18 U.S.C. § 4244, that is, before trial. Before the scheduled hearing on February 14, 1983, Defendant filed on February 11, 1983, the Motion now under consideration, but the same was not set or heard at the hearing on February 14, 1983. At said hearing the Government agreed to respond to said Motion by February 18, 1983.

Based on the evidence before the Court at the February 14, 1983 hearing conducted under 18 U.S.C. § 4244, the Court found the Defendant now mentally competent to stand trial and that the trial of the case on its merits should proceed before a jury. The Court also requested the Government to respond to the Motion now under consideration by February 18, 1983, which response has been filed herein by which the Government opposes said Motion generally as being premature without the Court having conducted a trial on the merits and received all the evidence on Defendant's mental competency at the time of the alleged offense on November 4, 1981.

■ The Court has conducted hearings on Defendant's mental competency to stand trial, but has not conducted a hearing on Defendant's mental competency at the time of the alleged offense. It would be improper for the Court to do so. *See United States v. Lambert,* 603 F.2d 808 (10th Cir. 1979).[1] This is considered a matter for jury determination under proper instructions as a general rule.

■ None of the cases cited by Defendant in support of her Motion hold that under the present circumstances of this case the Court should enter a judgment of acquittal. *See United States v. Phifer,* 400 F.Supp. 719 (E.D.Pa.1975). Though some evidence on Defendant's mental competency at the time of the alleged offense is contained in some of the psychiatric reports above mentioned, the Court has only conducted a hearing on and has only considered and ruled on Defendant's mental competency to stand trial—her mental competency at the time of the hearings and not at the time of the alleged offense. *United States v. Lambert, supra.* No evidence that Defendant was mentally competent at the time of the alleged offense has been presented to the Court, but the Government has not been required at this time to present such evidence. The Court is not aware of what evidence the Government may have or may procure on this point when the case is tried on its merits.[2]

Rule 29, Federal Rules of Criminal Procedure, governs a motion for judgment of acquittal in a criminal case. It provides in paragraph (a):

*Rule 29. Motion for Judgment of Acquittal.*

(a) Motion Before Submission To Jury. Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information *after the evidence on either side is closed* if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal *at the close of the evidence* offered by the government is not granted, the defendant may offer evidence without having reserved the right. (Emphasis added)

*McKenzie v. United States,* 266 F.2d 524 (10th Cir.1959) holds that if from all the evidence a defendant was not capable under law of committing a crime, the defendant is entitled to an acquittal. At this point all the evidence on Defendant's mental condition at the time of the alleged offense has not been received by the Court. This issue has not previously been before the Court or considered by the Court. *United States v. Lambert, supra.* As the Defendant is mentally competent to stand trial at this time, the case should be set for jury trial and the matter presented by the Motion under consideration determined in accordance with the evidence presented and Rule 29, Federal Rules of Criminal Procedure, provided Defendant complies with or has complied with Rule 12.2, Federal Rules of Criminal Procedure.

Accordingly, Defendant's Motion for Judgment of Acquittal is deemed premature and should be overruled without prejudice. The case is set for jury trial on March 14, 1983 at 9:30 a.m.

---

1. In note 1 of said opinion, the court noted the impropriety of the trial court making a finding on the mental competency of a defendant at the time of the offense prior to a hearing of the case on its merits.

2. The burden of proof to establish beyond a reasonable doubt that Defendant was mentally competent at the time of the alleged offense may well be on the Government in this case. *Wion v. United States,* 325 F.2d 420 (10th Cir. 1963).