**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles R. COLLINS,
Defendant–Appellant.**

No. 87–3130.

United States Court of Appeals,
Ninth Circuit.

Submitted * July 25, 1989.

Submission Vacated Aug. 30, 1989.

Resubmitted Feb. 13, 1990.

Decided March 7, 1990.

Charles R. Collins, Texarkana, Tex., pro se.

William R. Hogan and Mark Bartlett, Asst. U.S. Attys., Seattle, Wash., for plaintiff-appellee.

Before BROWNING, KOZINSKI and RYMER, Circuit Judges.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

PER CURIAM:

Appellant Collins was charged with second degree murder and initially pled not guilty. He later changed his plea to guilty and was sentenced to life in prison without parole. The sentence was ultimately affirmed on appeal.

Collins now appeals the denial of his motion under Federal Rule of Criminal Procedure 33 for a new trial based upon newly discovered evidence. He claims the government failed to provide him with exculpatory statements from witnesses and a psychological report. Without this information, Collins asserts, he was unable to evaluate properly the strength of the government's case before pleading guilty.

Rule 33 states, "[t]he court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice." By its terms, Rule 33 applies only to cases in which a *trial* has occurred. When the defendant has pled guilty, as here, no trial has occurred and the Rule 33 remedy is unavailable. In sum, "the validity of a guilty plea cannot be questioned by way of a motion for new trial." *United States v. Lambert*, 603 F.2d 808, 809 (10th Cir.1979) (citation omitted); *see Williams v. United States*, 290 F.2d 217, 218 (5th Cir. 1961) (per curiam).

Collins' remedy, if any, is a motion under 28 U.S.C. § 2255.

AFFIRMED.