USA v. Salcedo                          CR-92-12-1-SD 02/21/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


United States of America


     v.                                Criminal No. 92-012-01-SD


Andres Salcedo



O R D E R


     Defendant Andres Salcedo has filed a motion requesting that the court order production of "all transcripts, docket sheet, all documents filed and adjudge the Defendant indigent."  Document 21.  He seeks this information "to properly prepare and present his arguments based on newly discovery [sic] evidence that was unknown to Defendant at time of his guilty plea."  Id.

     By way of background, on May 21, 1992, the defendant entered a plea of guilty to a single-count information charging him with conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841, 846.  On August 17, 1992, he was sentenced to incarceration for 121 months, such sentence to run concurrent to a Florida state sentence the defendant was then serving.  Judgment on defendant's sentence entered on August 19,

1992.[1]

Although it is difficult to determine from defendant's conclusory pleading, he apparently seeks relief pursuant to the provisions of 28 U.S.C. § 2255. However, the court is entitled to more information than currently appears before it can act on any of the defendant's requests.

At a minimum, any pleading seeking relief based on newly discovered evidence should show that the evidence was unknown or unavailable at the time of trial; that any failure to obtain it was not due to a lack of diligence by defendant; that such evidence is material, not merely cumulative or impeaching; and that the evidence will probably result in relief sought by the defendant.[2]

Accordingly, the court treats the motion as a petition for relief under 28 U.S.C. § 2255 and orders the defendant by March 20, 1995, to furnish an amended petition setting forth the details of the information hereinabove requested. By the same

---

[1]Motions for new trial grounded on newly discovered evidence must be filed within two years of final judgment, Rule 33, Fed. R. Crim. P., but where, as here, there has been no trial following a guilty plea, Rule 33 is inapplicable, and relief, if any, must be grounded on the provisions of 28 U.S.C. § 2255. United States v. Collins, 898 F.2d 103, 104 (9th Cir. 1990); United States v. Lambert, 603 F.2d 808, 809 (10th Cir. 1979).

[2]United States v. Glantz, 884 F.2d 1483, 1486 (1st Cir. 1989), cert. denied, 493 U.S. 1086 (1990).

date, defendant should also have completed and returned to the court the affidavit of indigency which accompanies this order mailed to him.

Moreover, the amended pleadings should contain a certification that copies are being forwarded to the United States Attorney for the District of New Hampshire, 55 Pleasant Street, Concord, NH 03301.

Upon review of the amended petition and the affidavit of indigency, the court will review the matter further and rule accordingly.

SO ORDERED.

 

 

_____
Shane Devine, Senior Judge
United States District Court

February 22, 1995

cc:   United States Attorney
      United States Marshal
      United States Probation
      Andres Salcedo, pro se

3