UNITED STATES COURT OF APPEALS

**Filed 10/4/96**

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,    )
    )
    )
    Plaintiff-Appellee,    )    No. 95-6367
v.    )    (D.C. No. CR-95-59-L)
    )    (W.D. Okla.)
VIRGINIA G. BUSTOS,    )
a\k\a Virginia Galiene Bustos, a\k\a Jo    )
Bustos,    )
    )
    Defendant-Appellant.    )

---

ORDER AND JUDGMENT[*]

---

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[**]

---

Defendant Virginia G. Bustos appeals from her conviction and 120 month sentence

for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

Appellate counsel, pursuant to Anders v. California, 386 U.S. 738 (1967), filed a brief

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. 34.1.9. The case is therefore ordered submitted without oral argument.

noting his belief that there were no meritorious appellate issues and requesting that this court allow him to withdraw from the case. However, counsel did, consistent with <u>Anders</u>'s dictates, point out two portions of the record that he believed could arguably support an appeal. Defendant filed a pro se brief in response arguing that her sentence was unreasonably harsh compared to the sentences of those codefendants with equal culpability and that a firearm was improperly considered in the calculation of her sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. After due consideration and an independent review of the record, <u>see</u> <u>United States v. Lambert</u>, 603 F.2d 808, 809 n.2 (10th Cir. 1995), we dismiss the appeal as frivolous and grant defense counsel's motion to withdraw.

Defendant argues that her sentence of 120 months of incarceration is unconstitutionally disparate from those of her mother and sister. However, Defendant, her mother, and her sister were originally given sentences ranging from 120 to 132[1] months of imprisonment--a very close range. Moreover, Defendant was sentenced to the minimum allowable statutory term of imprisonment. Any claim of unconstitutional disparity among these sentences is clearly frivolous.

---

[1] Defendant's mother was originally sentenced to an aggregate term of 132 months of incarceration on two counts, 60 months of which was based on the use of a handgun in the commission of a crime pursuant to 18 U.S.C. § 924(c). After the Supreme Court issued <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995), the mother's use of a handgun conviction was reversed, leaving her sentence of imprisonment at 72 months.

As to the claim that the sentencing guideline score was improperly elevated,[2] there can be no question that Defendant possessed the weapon upon which the elevation was predicated.  See United States v. Nguyen, 1 F.3d 972, 973 (10th Cir. 1993) (holding that possession of handgun elevation under guidelines can be predicated upon presence of weapon in defendant's residence where transactions occurred).  Moreover, at sentencing, Defendant did not lodge any objection to this two-point enhancement recommendation in the pre-sentence report.  United States v. O'Dell, 965 F.2d 937, 938 (10th Cir. 1992) (stating that defendant must challenge factual inaccuracies in the presentence report or waive the error on appeal).  Any claim on this issue is clearly frivolous.  See USSG §2D1.1(b)1.

We have read the briefs before us and reviewed the trial record, particularly the sections designated in counsel's Anders brief, and we find no arguable claim of unfair sentencing as a result of Defendant's cooperation with the authorities.  Quite to the contrary, we note that a number of charges were dismissed as a result of her cooperation and that she was given a downward reduction under the guidelines.  Moreover, we find no appealable issue as to Defendant's ability to pay the fine imposed by the district court-her assets clearly were sufficient.

We find this appeal frivolous.

APPEAL DISMISSED.  COUNSEL'S MOTION TO WITHDRAW IS

---

[2]     As the Sentencing Guidelines' enhancement is predicated on "possession," not "use," Bailey is inapplicable to this issue.

GRANTED.

Entered for the Court,

Bobby R. Baldock
Circuit Judge