UNITED STATES COURT OF APPEALS
**Filed 1/8/97**
TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DENNIS STEPHEN WALDON,

     Defendant-Appellant

No. 96-7087

(D.C. No. CR 96-25-B)
(E. D. Okla.)

ORDER[*]

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.[**]

     Defendant Dennis Waldon appeals his 248 month sentence imposed after he pled guilty to violating 18 U.S.C. § 922(g) (felon in possession of a firearm), 18 U.S.C. § 2113(a) and (d) (armed bank robbery), and 18 U.S.C. § 924(c) (use of a firearm during a

---

[*]     This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. 34.1.9.  The case is therefore ordered submitted without oral argument.

crime of violence). Appellate counsel, pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), filed a brief noting his belief that there were no meritorious appellate issues and requesting that this court allow him to withdraw from the case. However, counsel did, consistent with <u>Anders</u>'s dictates, point to one issue that he believed could arguably support an appeal. Defendant did not, nor was he required to, file a brief in response to counsel's <u>Anders</u> brief or Government's appellee brief. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. After due consideration and an independent review of the record, <u>see</u> <u>United States v. Lambert</u>, 603 F.2d 808, 809 n.2 (10th Cir. 1995), we dismiss the appeal as frivolous and grant defense counsel's motion to withdraw.

The one issue which counsel highlighted in his <u>Anders</u> brief is that the Defendant was potentially improperly sentenced as a career criminal under United States Sentencing Guideline § 4B1.1. The question presented is whether Defendant's previous conviction for attempted robbery with a dangerous weapon, wherein he attempted a robbery using a knife but was thwarted by the victim, constitutes a "crime of violence" so that it may be a proper predicate for his sentencing as a career offender. This question is amply answered by U.S.S.G. § 4B1.2 which explains that a crime of violence "means any offense under federal or state law . . . that has as an element the use, <u>attempted use</u>, or <u>threatened use</u> of physical force against the person of another." U.S.S.G. § 4B1.2 (emphasis added). We recognized this clear definition in an analogous case decided under the same guideline.

See United States v. Allen, 24 F.3d 1180, 1185 (10th Cir. 1994) (holding that drug conspiracy convictions support career criminal findings). It is obvious that the attempt to commit a crime of violence is sufficient.

Having read the briefs before us and reviewed the trial record, we find no arguable claim that Defendant was improperly found to be a career criminal. We find this appeal frivolous.

APPEAL DISMISSED. COUNSEL'S MOTION TO WITHDRAW IS GRANTED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge