IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20771
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY LYNN HESTER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CR-250-1
--------------------
November 18, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Anthony Lynn Hester appeals the dismissal of his motion for a new trial filed pursuant to Fed. R. Crim. P. 33. He criticizes the district court for finding meritless his claim that he was denied effective assistance of counsel because one of the attorneys representing him at trial was laboring under a conflict of interests. This conflict of interests, he urges, impugns the validity of his guilty plea. He also asserts, for the first time, that his appellate counsel rendered ineffective assistance by withdrawing pursuant to Anders v. California, 386 U.S. 738

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1967), and that the other attorney representing him at trial also rendered ineffective assistance.  Lastly, he seeks to challenge the district court's application of the sentencing guidelines.  Hester has also filed motions to strike the Government's pleadings and for sanctions against the clerk of this court.

Hester's guilty plea forecloses Rule 33 as a means of attacking the validity of that plea or the resulting conviction.  See Williams v. United States, 290 F.2d 217, 218 (5th Cir. 1961).  Now that sentence has been imposed, Hester may seek to withdraw his guilty plea only through direct appeal or proceedings under § 2255.  See Fed. R. Crim. P. 32(e).  Although he has waived his right to seek collateral relief, he may yet challenge the validity of this waiver through a § 2255 motion.  See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).  As Hester has not contested the validity of the waiver in his Rule 33 motion, we decline to treat his motion as a § 2255 motion.  See Williams, 290 F.2d at 218.  The denial of Hester's Rule 33 motion is therefore AFFIRMED.  Hester's other motions are DENIED.