**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                              No. 99-4422

DARRELL DAVID RICE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, District Judge.
(CR-97-43)

Submitted: January 25, 2000

Decided: March 2, 2000

Before NIEMEYER and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Lloyd Snook, III, SNOOK & HAUGHEY, P.C., Charlottesville,
Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney,
Jean B. Hudson, Assistant United States Attorney, Charlottesville,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Darrell David Rice pled guilty to attempted kidnapping, see 18 U.S.C.A. § 1201(a), (d) (West 1984 & Supp. 1999), and was sentenced to a term of 135 months imprisonment on March 11, 1999. Judgment was entered on March 19, 1999. Rice did not note an appeal within the ten-day appeal period provided in Fed. R. Crim. P. 4(b). Instead, he filed a "Motion for New Trial" on March 18, 1999, in which he contested two of the rulings the district court made during the sentencing hearing. On May 19, 1999, the district court denied the new trial motion on the merits. Rice noted his appeal on June 1, 1999, the tenth day after denial of the motion.

In criminal cases, a defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. Crim. P. 4(b). With or without a motion, the district court may grant an extension of time of up to thirty days upon a showing of excusable neglect. Id.; see United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). Rice's notice of appeal was filed more than ten days after judgment was entered and after the thirty-day extension period had expired. Therefore, the district court lacked authority to grant an extension of time, even if Rice had requested an extension.

Certain motions listed in Fed. R. Crim. P. 4(b)(3) toll the time for appeal. These are: a motion for acquittal under Fed. R. Crim. P. 29, a motion for new trial under Fed. R. Crim. P. 33, and a motion for arrest of judgment under Fed. R. Crim. P. 34. Defense counsel apparently believed that the motion for new trial tolled the time for appeal. However, Rule 33 applies only to cases where a trial occurred. See United States v. Collins, 898 F.2d 103, 104 (9th Cir. 1990). Because Rice pled guilty and did not have a trial, his motion for new trial could not toll the time for filing a notice of appeal.

2

We find that the time for appeal was not tolled by the new trial motion and that, consequently, Rice's notice of appeal was ineffective. We therefore dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3