**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

THOMAS EDWARD CALABAZA,

Defendant-Appellant.

No. 04-2238
(D.C. Nos. CV-04-0854 MV/RHS and
CR-00-1081 MV)
(D. N.M.)

**ORDER**

Before **BRISCOE**, **LUCERO,** and **MURPHY**, Circuit Judges.

Thomas Edward Calabaza, a federal prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 petition.  For substantially the same reasons set forth by the district court, we **DENY** Calabaza's request for a COA and **DISMISS**.

Calabaza challenged his conviction for second degree murder in the court below by bringing a motion under Fed. R. Crim. P. 33.  He asserted that new evidence has been uncovered that would produce a different result if a new trial were held.  Accordingly, the district court construed this motion as a motion for a new trial.  "Rule 33 of the Federal Rules of Criminal Procedure, which authorizes

motions for new trial, applies only to cases in which a _trial_, either to the court or to a jury, has taken place." United States v. Lambert, 603 F.2d 808, 809 (10th Cir. 1979) (emphasis in original). Because Calabaza was convicted following a guilty plea, the district court denied the Rule 33 motion. The district court further held that although the motion invokes 28 U.S.C. § 2255, it would, like this court in Lambert, "decline to consider sua sponte the [Rule 33] motion as one pursuant to § 2255." Id. at 809 n.3. Calabaza's subsequent request for a COA was summarily denied.

The district court correctly ruled that a Rule 33 motion is a legally incorrect vehicle for challenging a guilty plea. Moreover, Calabaza's request for a COA must be denied because a § 2255 petition was not properly before the district court. Thus, we do not have the denial of a habeas petition before us to consider on appeal. Finally, even if the district court construed this pro se filing liberally, see Hall v. Scott, 292 F.3d 1264, 1266 (10th Cir. 2002), and converted Calabaza's Rule 33 motion into a § 2255 petition, the petition would nevertheless be time-barred under the one-year limitation period of § 2255 because final judgment was entered in this proceeding more than four years ago. 28 U.S.C. § 2255(1).

Calabaza's application for a COA is therefore **DENIED** and the case is

**DISMISSED**.  Appellant's motion to proceed in forma pauperis is **GRANTED**.


ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge