# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60047
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

CHRISTOPHER MONTGOMERY, Also Known as Knowledge,

Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 1:96-CR-37-5

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

  Christopher Montgomery, federal prisoner # 25140-018, pleaded guilty,

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in 2003, of conspiracy to possess with intent to distribute cocaine.  He filed a notice of appeal from an order denying his motion for production of documents that he believed would support his then-pending motion for new trial.  Because Montgomery has not briefed any challenge to that order, he has abandoned any appeal from it.  *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010).

Montgomery's brief instead addresses the denial of his motion for new trial in which he asserted that he has newly discovered evidence that trial counsel's assistance was rendered ineffective by conflicts of interest stemming from her disbarment.  We liberally construe Montgomery's notice of appeal from the denial of his motion to produce certain documents to include a notice of appeal from the denial of the motion for new trial.  *See Turnbull v. United States*, 929 F.2d 173, 177 (5th Cir. 1991); *United States v. Rochester*, 898 F.2d 971, 976 n.1 (5th Cir. 1990).

Montgomery, however, has not shown that the district court abused its discretion in denying a new trial, given that he was convicted pursuant to a guilty plea rather than by a verdict following a trial before a judge or jury.  *See United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991); *Williams v. United States*, 290 F.2d 217, 217 (5th Cir. 1961) (per curiam).  The district court also properly refrained from construing the motion for new trial as a 28 U.S.C. § 2255 motion because it would have been successive and unauthorized.  *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *United States v. Hester*, 202 F.3d 266, 1999 U.S. App. LEXIS 32360, at *2 (5th Cir. Nov. 18, 1999) (per curiam) (unpublished).

The government moves to dismiss the appeal, or, alternatively, for summary affirmance, contending that Montgomery has abandoned his appeal from the denial of the motion to produce documents.  The government urges further

that Montgomery's ineffective-assistance claims are unreviewable because they are outside the scope of the appeal and Montgomery has failed to obtain a certificate of appealability from the denial of a new trial. Because summary affirmance is not appropriate, the motion is DENIED. *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006). But because Montgomery is not entitled to relief, we dispense with further briefing.

AFFIRMED.