**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-6203**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JUSTIN DEONTA STROM, a/k/a Jae Dee, a/k/a Jae, a/k/a J-Dirt,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:12-cr-00159-JCC-1)

_____

Submitted: June 19, 2015          Decided: August 4, 2015

_____

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Justin Deonta Strom, Appellant Pro Se. Marc Birnbaum, Special Assistant United States Attorney, Inayat Delawala, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Deonta Strom appeals the district court's order denying his motion to alter or amend the judgment and his Fed. R. Crim. P. 33 motion for new trial. Strom filed both motions while his direct criminal appeal was pending in this court. The district court held that the pendency of Strom's appeal divested it of jurisdiction over both of Strom's motions. We have reviewed the record and find no reversible error.

We review de novo a district court's legal conclusion that it lacks jurisdiction over a matter. Ameur v. Gates, 759 F.3d 317, 322 (4th Cir. 2014), cert. denied, 135 S. Ct. 1155 (2015). Generally, "an appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." United States v. Modanlo, 762 F.3d 403, 408 (4th Cir. 2014) (internal quotation marks omitted). This general rule is subject to limited exceptions, permitting the district court "to take subsequent action on matters that are collateral to the appeal, or to take action that aids the appellate process." Doe v. Public Citzen, 749 F.3d 246, 258 (4th Cir. 2014) (citation omitted).

Strom's motion to alter or amend the judgment asked the district court to reduce Strom's sentence; thus, the motion fell within the general rule depriving a district court of jurisdiction over a motion involving aspects of a case presented

2

in the appeal.  See United States v. Turchen, 187 F.3d 735, 743 (7th Cir. 1999).

A pending appeal, however, does not divest a district court of jurisdiction to entertain a motion for a new trial pursuant to Fed. R. Crim. P. 33.  United States v. Cronic, 466 U.S. 648, 667 n.42 (1984).  Instead, the district court should "either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case."  Id.  Here, however, Strom did not go to trial, but entered a guilty plea.  "By its express terms, Rule 33 is confined to those situations in which a trial has been had."  United States v. Graciani, 61 F.3d 70, 78 (1st Cir. 1995).  Thus, relief is unavailable to Strom under Rule 33.  See United States v. Collins, 898 F.2d 103, 104 (9th Cir. 1990) (per curiam).

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument would not aid the decisional process.

AFFIRMED