ALD-004                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2032
_____

UNITED STATES OF AMERICA,

v.

GERMAN SUAREZ-ARZON
a/k/a
RICHARD HERRERA
a/k/a
HIRAM MIGUEL SANTANA-CINTRON
a/k/a
JOSE MANUEL DIAZ RAFAEL,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-14-cr-00604-001)
District Judge: Gerald J. Pappert
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 3, 2019

Before: MCKEE, SHWARTZ and PHIPPS, <u>Circuit</u> <u>Judges</u>
(Opinion filed December 20, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant German Suarez-Arzon appeals the District Court's order denying

his motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. For

the reasons discussed below, we will summarily affirm the District Court's judgment.

See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In separate criminal cases, Suarez-Arzon pleaded guilty to illegally reentering the

United States in violation of 8 U.S.C. § 1326, see E.D. Pa. Cr. A. No. 2:14-cr-00604, and

possessing with the intent to distribute 100 grams or more of heroin in violation of 21

U.S.C. § 841, see E.D. Pa. Cr. A. No. 2:15-cr-00022. The District Court granted the

parties' joint motion to consolidate the two cases for sentencing. Ultimately, the Court

calculated Suarez-Arzon's Guidelines range as 120 to 135 months' imprisonment, and

sentenced him to a term of 132 months. Suarez-Arzon appealed a suppression ruling

relevant to only the drug offense, and we affirmed. See United States v. Suarez-Arzon,

664 F. App'x 180 (3d Cir. 2016) (non-precedential).

Suarez-Arzon then filed a motion under 28 U.S.C. § 2255 challenging his

sentence. He noted that his offense level in the illegal-reentry case, after accounting for

his acceptance of responsibility, was 21. Based on that offense level and his criminal

history category of III, his Guidelines range would be 46 to 57 months' imprisonment—

yet he was sentenced to 132 months. He argued that the sentence was improper and his

counsel performed ineffectively by failing to challenge the sentence. The District Court

denied the motion, explaining that the sentence was based on both offenses, not just the

2

illegal-reentry offense.  See E.D. Pa. Crim. No. 2:15-cr-00022, ECF No. 54.  Suarez-Arzon did not seek to appeal, and the time to do so has expired.

Suarez-Arzon next filed the Rule 33 motion in the illegal reentry case that is at issue in this appeal.  See E.D. Pa. Crim. No. 2:14-cr-00604, ECF No. 34.  He reiterated his argument that his Guidelines range for the illegal-reentry offense should have been 46 to 57 months' imprisonment.  Moreover, he argued, his sentence for possession with intent to distribute should have been limited to the range for the illegal-reentry offense.  He argued that his attorney performed ineffectively by failing to raise this argument.  The District Court denied the motion, and Suarez-Arzon appealed.

We have jurisdiction under 28 U.S.C. § 1291.  We review the District Court's denial of the Rule 33 motion for abuse of discretion, although we review its legal determinations de novo.  See United States v. Quiles, 618 F.3d 383, 390 (3d Cir. 2010).

The District Court did not err in denying Suarez-Arzon's motion.  Rule 33 is not the appropriate vehicle for his claim.  Typically, Rule 33 is not available to defendants who have pleaded guilty (rather than gone to trial), see United States v. Graciani, 61 F.3d 70, 78 (1st Cir. 1995); United States v. Gordon, 4 F.3d 1567, 1572 n.3 (10th Cir. 1993); United States v. Collins, 898 F.2d 103, 104 (9th Cir. 1990) (per curiam), and it is not designed to redress alleged sentencing errors, see United States v. Camacho, 370 F.3d 303, 307 (2d Cir. 2004).  We have also expressed a reluctance to consider ineffective-assistance-of-counsel claims in this context.  See United States v. Chorin, 322 F.3d 274, 282 n.4 (3d Cir. 2003).  Even setting these obstacles aside, Suarez-Arzon has simply not

3

presented any newly discovered evidence. Instead, he presents a legal argument that he could have presented at the time of sentencing. See generally United States v. Cimera, 459 F.3d 452, 461 (3d Cir. 2006); United States v. DeRewal, 10 F.3d 100, 104 (3d Cir. 1993) (explaining that "newly discovered evidence must generally, if not always, be evidence related to the issues at trial, not evidence concerning separate legal claims").

Accordingly, we will affirm the District Court's judgment.