**RAKES v. UNITED STATES, and six other cases.**

Nos. 5614–5620.

Circuit Court of Appeals, Fourth Circuit.

Oct. 13, 1947.

772

Stuart B. Campbell, of Wytheville, W. R. Ashburn, of Norfolk, Va., R. H. McNeill, of Washington, D. C., J. B. Morgan, of Leesburg, Va., W. R. Allcott, of Richmond, Va., C. Carter Lee, of Rocky Mount, Va., and Leith S. Bremner and Robert Lewis Young, both of Richmond, Va., for appellants.

Harry H. Holt, Jr., U. S. Atty., of Hampton, Va., and George R. Humrickhouse, Asst. U. S. Atty., of Richmond, Va., for appellee.

Before PARKER, SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment and sentence for violation of the provisions of the National Banking Act, 12 U.S.C.A. § 21 et seq. Pending the appeal a motion was made by defendants to remand the cause to the District Court in order that that court might pass on a motion for new trial made on the ground that evidence had been discovered since the trial that an attempt had been made to bribe one of the jurors. We denied the motion to remand but in the order denying it pointed out that motion might be made before the trial judge under Federal Rules of Criminal Procedure, rule 33, 18 U.S.C.A. following section 687, pending the appeal but might not be granted except upon remand. Defendants accordingly filed such a motion before Hon. J. Waties Waring, the Judge who tried the case, and in addition filed an affidavit asking that he disqualify himself from the hearing of the motion. Judge Waring withdrew from the hearing of the motion and, with the consent of all parties but without certification or order by the Senior Circuit Judge, it was heard before Hon. Sterling Hutcheson, a judge of the District present at the time. Judge Hutcheson has filed an order and memorandum opinion, 74 F.Supp. 645, finding that a new trial should be granted on defendants' motion, and the matter is again before us on motion to remand in order that the motion for new trial may be granted by Judge Hutcheson.

The purpose of the provision of Rule 33, which permits the hearing, but not the granting of the motion, in a case in which an appeal has been taken, is to expedite proceedings. Our object in pointing out the procedure was to avoid delay. Now that the procedure has been availed of and the District Judge has heard the motion and found that it should be granted, the orderly course is to remand the cause in order that the motion may be granted unless we are prepared to say that there was no reasonable basis for the motion and that Judge Hutcheson abused his discretion in the action taken by him. In this situation it is not our province to decide, and we express no opinion as to whether the motion should have been granted. Other questions not before us, and which we have

had no voice in deciding, are whether Judge Waring should have retired from the hearing of the motion and whether Judge Hutcheson should have undertaken the hearing of same without the designation provided for by section 24 of Title 28 U.S. C.A. The parties having consented to the hearing of the motion by Judge Hutcheson, we treat his finding as though it had been made after a proper statutory designation.

The cause will be remanded to the District Court to the end that a new trial may be granted by Judge Hutcheson in accordance with his finding and recommendation; but with the direction that the new trial be had forthwith. The defendants have been convicted and sentenced for violation of the criminal law. Their conviction is being set aside only because some one has attempted improperly to influence the jury in their favor. The circumstances require that they be promptly retried and that the proceedings against them be not delayed. The Judicial Council of the Circuit whose duty it is to see "that the work of the District Courts shall be effectively and expeditiously transacted," directs that the trial of this proceeding be accorded precedence over any other matter pending in the District.

Motions granted.