

But it appearing that there was no allocation of the payment under the settlement as between royalties and the other properties acquired by the taxpayer, and inasmuch as the burden rested upon the taxpayer to show substantial basis upon which an approximate allocation could be appropriately made and that burden not having been carried by the taxpayer;

And it appearing that the findings of fact of the tax court are supported by substantial evidence and are not clearly erroneous, and that the reasoning of the court upon which its decision was based is sound;

The decision of the tax court is affirmed.

Gallop, Climenko & Gould, Jesse Climenko, New York City (Martin N. Whyman, New York City, of counsel), for appellants.

Irving H. Saypol, U. S. Atty., New York City (John C. Hilly, Asst. U. S. Atty., New York City, of counsel), for the United States.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

PER CURIAM.

Appellants' motion asks that we remand this case to the district court in order that they may there seek a new trial for newly discovered evidence. Under Rule 33 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.[1] we should only entertain such a motion in case the district court indicates, after a hearing, that it intends to grant a motion for a new trial.

## UNITED STATES v. MINKOFF et al.

United States Court of Appeals
Second Circuit.

Argued April 3, 1950.

Decided April 20, 1950.

## PORTLAND GASOLINE CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 12978.

United States Court of Appeals
Fifth Circuit.

April 8, 1950.

1. Rakes v. United States, 4 Cir., 163 F.2d 771; Dession, New Rules of Criminal Procedure, 56 Yale L.J. (1947) 197, 232;

N. Y. Univ. School of Law Institute-Proceedings, Vol. VI, p. 206.