**L. M. SMITH and Earl C. Corey, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 17278.

United States Court of Appeals Ninth Circuit.

Aug. 30, 1961.

Second Order Sept. 14, 1961.

Mautz, Souther, Spaulding, Kinsey & Williamson, by Bruce Spaulding and A. Allan Franzke, Portland, Or., for appellant L. M. Smith.

E. F. Bernard; Bernard, Bernard, Edwards & Hurley, Portland, Or., for appellant Earl C. Corey.

C. E. Luckey, U. S. Atty., and David Robinson, Jr., Asst. U. S. Atty., Portland, Or., for appellee.

Before CHAMBERS, BARNES and HAMLEY, Circuit Judges.

PER CURIAM.

Smith and Corey already are here on an appeal from judgment of conviction of federal crimes. Shortly before argument here, they moved in the district court for a new trial on the ground of newly discovered evidence. After submission here (the case is undecided), the district court denied the motions. From the denial of these motions, Smith and Corey now attempt appeals and send their notices forward. The clerk will mark the notices, "lodged, not filed."

After the motions were filed in the district court, leave should have been sought here under Rule 33 of the Federal Rules of Criminal Procedure, 18 U.S. C.A., to remand to the district court for that court to consider the motions. After such is done, this court normally asks the district court to file in its own record a statement as to whether it currently desires to consider the motion, a certified copy of such statement to be sent forward to this court.

Able counsel have the horse astride both shafts of the buggy.

On Motion of September 12, 1961.

In cases of motion for a new trial under Rule 33, Federal Rules of Criminal Procedure, this court prefers after the motion for new trial is filed in the dis-

trict court, then that a motion to remand be made here, and then that the district court advise this court if it desires to entertain the motion. Normally that court says "yes" and we promptly remand for consideration. The fact that the district court indicates a willingness to entertain the motion does not mean that that court has prejudged the motion. If the district court, after remand, denies the motion the defendant can immediately appeal. It is not too late for the appellants to comply with our wishes.

In this case, a motion for new trial has been entertained. Therefore, further procedure in the district court would involve a willingness of the district court to re-entertain the old motion or entertain a new one for a new trial.

The motion of September 12, 1961, is denied.