Robert E. MORGAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17245.

United States Court of Appeals Ninth Circuit.

May 14, 1962.

Robert E. Morgan, in pro. per.

Cecil F. Poole, U. S. Atty., Charles W. Getchell, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS, Chief Judge, POPE and JERTBERG, Circuit Judges.

PER CURIAM.

The above named appellant has filed here a motion which he calls a motion to "temporarily abandon his pending appeal * * * for the limited purpose of presenting to the original trial court his motion pursuant to Rule 35 of Fed.Rules of Crim. Procedure [18 U.S.C.A.] to Correct Illegal Sentence. * * *."

It appears that the appellant, after being convicted of a criminal offense in the district court, appealed from the judgment of conviction to this court. Thereafter he filed a motion in the trial court asking that court to correct his sentence alleged to be illegal. The trial court denied the motion on the ground that since an appeal from the sentence had been taken to this court, the trial court was without jurisdiction to entertain the motion. We construe the motion of appellant now before us as one seeking to remand the cause to the district court to permit the district court to entertain the motion under Rule 35 referred to by the appellant.

In the case of Smith and Corey v. United States, 9 Cir., 294 F.2d 771, we set forth the proper procedure for procuring such a remand for the purpose of permitting action in the district court upon sundry motions after the filing of an appeal in this court. The procedure outlined in those two cases would be appropriate here.

In this case the trial court in holding that it had no power to entertain the appellant's motion for relief under Rule 35 because of the pendency of the appeal here, concluded as follows: "Accordingly, petitioner's motion must be denied. Such denial is made, however, without prejudice to petitioner's right to renew the same or make a similar motion at

some more appropriate future time, if he is so advised." We construe the statement of the court just quoted to be an indication that that court would entertain a motion under Criminal Rule 35 provided this court makes a remand of the case for that purpose.

Accordingly, the cause is remanded to the district court for the purpose of permitting the district court to entertain and act upon the said motion for relief under Rule 35. If the said motion be denied, the appellant may appeal therefrom and such appeal, if taken, may be consolidated with the pending appeal.

The time for further perfection of the record upon the present appeal in this court and for the filing of briefs herein is suspended until the expiration of ten days after receipt by this court of a supplemental transcript regarding the action of the district court in granting or denying such Rule 35 motion.