**The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,**

v.

**Bobby G. INGLETT, Defendant-Appellant.**

**No. 23679.**

United States Court of Appeals Ninth Circuit.

Sept. 16, 1969.

John J. Carniato, Walnut Creek, Cal. (argued), of Arriola, Bohn & Dierking, Agana, Guam, for appellant.

Richard Magee, Agana, Guam (argued); Frank G. Lujan, Atty. Gen., John P. Raker, Deputy Atty. Gen., Gerald J. Smith, Asst. Atty. Gen., Agana, Guam, for appellee.

Before HAMLEY and BROWNING, Circuit Judges, and REAL, District Judge.*

BROWNING, Circuit Judge:

Defendant was prosecuted and convicted on an information charging rape. The sole issue on appeal is whether section 10(u) of the Guam Elective Governor Act, 48 U.S.C. § 1421b(u),[1] by extending the Fifth Amendment of the Constitution to Guam, made grand jury indictment mandatory in the prosecution of infamous crimes by the territorial government.

██ Since 1954, section 1424(b) of Title 48 has provided that "no provisions of any * * * rules which authorize or require * * * the prosecution of offenses by [grand jury indictment]. instead of by information shall be applicable to the District Court of Guam," unless the legislature of Guam determines to require prosecution by indictment. Defendant argues, however, that this section conflicts with the Guam Elective Governor Act's extension of the Fifth Amendment to Guam and was therefore repealed by the latter Act. In support of this argument, defendant points to section 11 of the Virgin Islands Elective Governor Act, 48 U.S.C. § 1561, which, though otherwise identical to section 10(u) of the Guam Elective Governor Act, concludes with the proviso that "all offenses shall continue to be prosecuted in the district court by information as heretofore, except such as may be required by local law to be prosecuted by indictment by [the local] grand jury." In defendant's view, the presence of this proviso in the Virgin Island statute and its absence from the Guam statute indicates that Congress intended to require the use of indictments in the prosecution of infamous crimes by the Territorial Government of Guam.

No resolution of the problem is wholly satisfactory. However, we are inclined to agree with the government that Congress did not intend by enacting section 10(u) of the Guam Elective Governor Act to repeal 48 U.S.C. § 1424(b) and thus deprive the Guam legislature of the power to determine whether offenses should be prosecuted by indictment or information.

As the government suggests, defendant's interpretation of section 10(u) of the Guam Elective Governor Act would render purposeless the provision of that section extending "the second sentence of section 1 of the Fourteenth Amendment" to Guam, and would deprive the words "or in any state of the United States" of much of their meaning. On the other hand, all of the statutory language may be given effect by interpreting section 10(u) to mean that each of the constitutional provisions referred to in the section is to have the same effect in Guam as it would have in a state of the United States. Thus, the first nine amendments of the Constitution are made directly applicable to federal prosecutions in the territory, but are made applicable to prosecutions by the territorial government only to the extent that the rights guaranteed by these amendments are incorporated within the meaning of the second sentence of section 1 of the Fourteenth Amendment.

---

* Honorable Manuel L. Real, United States District Court for the Central District of California, sitting by designation.

1. Section 10(u) reads:

    "The following provisions of and amendments to the Constitution of the United States are hereby extended to Guam to the extent that they have not been previously extended to that territory and shall have the same force and effect there as in the United States or in any State of the United States:

    article I, section 9, clauses 2 and 3; article IV, section 1 and section 2, clause 1; the first to ninth amendments inclusive; the thirteenth amendment; the second sentence of section 1 of the fourteenth amendment; and the fifteenth and nineteenth amendments. All laws enacted by Congress with respect to Guam and all laws enacted by the territorial legislature of Guam which are inconsistent with the provisions of this sub-section are repealed to the extent of such inconsistency."

This interpretation is supported by the legislative history, which reflects a congressional desire to extend to residents of Guam the same constitutional safeguards available to residents of the several states, and at the same time to avoid a change in the legal status of Guam to that of an "incorporated territory"—a consequence which it was feared might follow if the constitutional provisions applicable only to the central government of the United States were made directly applicable to the government of Guam. 1968 U.S.Code Cong. & Admin. News, pp. 3575–77, 3579–80.

The omission from section 10(u) of the Guam Elective Governor Act of the proviso found in section 11 of the Virgin Islands Elective Governor Act is readily explained by the difference in the allocation of the prosecutorial function in the two territories. In Guam this function is divided between the United States Attorney and the Attorney General of Guam, while in the Virgin Islands the United States Attorney prosecutes both federal and local offenses. *Compare* 48 U.S.C. § 1424(b) with 48 U.S.C. § 1617. The proviso in the Virgin Islands statute is an understandable legislative reaction to the greater danger that the combination of functions in a single official in that territory might frustrate the intention that differing constitutional limitations were to be applied in federal and territorial prosecutions.

While this appeal was pending, counsel for the defendant filed a motion in the district court requesting that court to certify to this court that if the case were remanded the district court would grant a new trial. The district court denied the motion and defendant filed a second notice of appeal from the district court's order.

Under Rule 33 of the Federal Rules of Criminal Procedure[2] the district court may entertain a motion for a new trial based upon newly discovered evidence while the case is on appeal. A remand by this court is required, however, if the district court decides to grant the motion. 8A J. Moore, Federal Practice ¶ 33.03[2] (1969). We have outlined two procedures which can be used in these instances. One requires that the defendant make a motion in this court to remand to the district court prior to the district court's consideration of the motion for a new trial. Paddock v. United States, 302 F.2d 514 (9th Cir. 1962); Smith v. United States, 294 F.2d 771 (9th Cir. 1961). The other procedure requires a remand only in the event the district court decides to grant the *motion for a new trial.* Zamloch v. United States, 187 F.2d 854 (9th Cir. 1951); Ramirez v. United States, 294 F.2d 277 (9th Cir. 1961). In *Paddock* and *Smith* we indicated a preference for the former procedure; but the latter procedure is in accord with Rule 33, *see* J. Moore, *supra,* and defendant's motion to certify was not improper.

However, it appears from the transcript of the hearing that the court's denial of the motion may have been based in part upon the court's conclusion that the defendant was not following the proper procedure, and the denial of the motion for certification may not have been equivalent, in the court's view, to the denial of a motion for a new trial. In these circumstances we think it would be inappropriate, and possibly prejudicial to the defendant, to review the denial of the motion for certification as if it constituted a denial of a motion for a new trial on the merits. We therefore refrain from doing so. Defendant may file a new motion for new trial in the district court on the same grounds without prejudice from the prior proceedings, and that court may render a decision on the merits unclouded by procedural problems.

Affirmed.

2. "A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case."