Robert A. FRAME, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 26670.

United States Court of Appeals,
Ninth Circuit.

June 2, 1971.

Rehearing Denied June 24, 1971.

John D. Lewis, of Holman, Lewis & MacArthur, Tempe, Ariz., for appellant.

Richard K. Burke, U. S. Atty., Morton Sitver, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before HAMLEY, KOELSCH and TRASK, Circuit Judges.

PER CURIAM:

Robert A. Frame appeals from his conviction in the district court under a four count indictment charging violations of laws having to do with narcotics and dangerous drugs.

The indictment charged two counts of selling, one count of possessing for sale, and one count of manufacturing methamphetamine, in violation of 21 U.S.C. Sections 331(q) (1), (2) and (3) (A), Section 333(b) (1), and Sections 360a(a), and (c) (1). He was found guilty on all four counts, and sentenced to imprisonment for a term of five years on each count, all sentences to run concurrently.

Frame was the holder of a doctor's degree in chemistry. He became friendly with a college student and enlisted the student to obtain contacts for the sale of

methamphetamine which he was manufacturing. The student contacted the Federal Bureau of Narcotics and Dangerous Drugs. Thereafter the evidence was collected on the basis of which the convictions were obtained. There is no real dispute as to the manufacture, possession and sale of methamphetamine. The appellant urges four reasons for reversal:

■ 1. That the court should adopt an admittedly new proposition of law which would make it a violation of public policy for enforcement officers to continue an investigation resulting in evidence of subsequent violations of law after evidence of an initial violation is obtained. Appellant frankly acknowledges that he knows of no statute or decision supporting such a view. Nor do we. The argument is completely unpersuasive.

■ 2. Error is claimed because one witness referred to another transaction. The court carefully instructed the jury to disregard the evidence or the reference in determining guilt upon the counts charged. We find no error.

■ 3. There was some publicity about the trial due to the large amount of drugs being manufactured. Appellant requested that the jury be sequestered and each day requested that the court inquire of the jurors what media information they may have obtained. He urges that this had the effect of denying him a fair trial before an impartial jury. This is a matter which rests within the sound discretion of the trial court. United States v. Rubino, 431 F. 2d 284, 288 (6th Cir. 1970). The record is clear that the court did not abuse its discretion.

■ 4. During the trial the court admonished defense counsel. Since much of the comment was before the bench there is a serious question whether the dialogue was within the hearing of the jury. In any event there is nothing in the record to show that appellant did not receive a fair trial for this reason. United States v. Capaldo, 402 F.2d 821, 825 (2nd Cir. 1968), cert. denied, 394 U.S. 989, 89 S.Ct. 1476, 22 L.Ed.2d 764 (1969). The jury was carefully instructed that they were at liberty to disregard all comments of the court in making their determination of the facts and that they were to draw no inferences against a party whose attorney might have been admonished. No error was shown, Duran v. United States, 413 F.2d 596, 600 (9th Cir.) cert. denied, 396 U.S. 917, 90 S.Ct. 239, 24 L.Ed.2d 195 (1969).

The judgment is affirmed.