**Keith Leroy DAVIDSON, Petitioner-Appellant,**

v.

**Hoyt C. CUPP, Respondent-Appellee.**

No. 71–1345.

United States Court of Appeals,
Ninth Circuit.
July 20, 1971.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

* Rule 18, 5 Cir.; See Isbell Enterprises Inc., v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

William L. Hallmark, of McMenamin, Jones, Joseph & Lang, Portland, Or., for petitioner-appellant.

Lee Johnson, Or. Atty. Gen., Jim G. Russell, James L. Carney, Asst. Attys. Gen., Jacob B. Tanzer, Sol. Gen., Salem, Or., for respondent-appellee.

Before KOELSCH, BROWNING, and DUNIWAY, Circuit Judges.

PER CURIAM:

Petitioner and his fiancee were charged with related state crimes. They were tried separately, but were represented by the same attorney. Petitioner claims the joint representation deprived him of the right to effective assistance of counsel. The district court denied a writ of habeas corpus. We affirm.

■■ Joint representation is permitted unless specific prejudice appears. Carlson v. Nelson, 443 F.2d 21, 22 (9th Cir. 1971); Lugo v. United States, 350 F.2d 858, 859 (9th Cir. 1965). The burden of proving such prejudice lies with the petitioner. Kruchten v. Eyman, 406 F.2d 304, 312 (9th Cir. 1969).

■ Petitioner claims that his attorney could not effectively cross-examine petitioner's fiancee without breaching the attorney-client privilege; but since the fiancee did not testify, no such prejudice occurred. Petitioner also claims his attorney should have called petitioner's fiancee to testify on petitioner's behalf; but petitioner's fiancee informed the court that if called she would invoke the Fifth Amendment and refuse to testify. Moreover, there is nothing to indicate that if she had testified her testimony would have helped petitioner. To the contrary, the attorney for petitioner

and his fiancee represented at the habeas petition hearing that her testimony would not have been beneficial to petitioner.

Affirmed.