**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert A. FRAME, Jr., Defendant-Appellant.**

**No. 71–1516.**

United States Court of Appeals, Ninth Circuit.

Jan. 20, 1972.

Kilkenny, Senior Circuit Judge, concurred in result.

John D. Lewis, of Holman & Lewis, Tempe, Ariz., for defendant-appellant.

Richard K. Burke, U. S. Atty., Morton Sitver, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before BROWNING, KILKENNY, and TRASK, Circuit Judges.

PER CURIAM:

Robert A. Frame is a manufacturer and seller of methamphetamine. He was charged, tried, and found guilty of four federal narcotics violations, receiving concurrent sentences on the four counts. On June 2, 1971, his conviction was affirmed by a panel of this court. Frame v. United States, 9 Cir., 444 F.2d 71.

While the appeal was pending Frame filed a motion for a new trial in the district court, based upon "newly discovered evidence" that his pretrial and trial counsel, Donald Wolfram, had a conflict of interest because he also represented one John Pike, one of Frame's customers and a dealer in narcotics.

On February 26, 1971, the district court held a hearing on the motion. Wolfram testified that he had represented Pike "on numerous occasions in numerous cases," all unrelated to the charges against Frame. When Frame approached Wolfram about representing him on the narcotics charges, Frame told Wolfram that he had information that was detrimental to Pike. Attorney Wolfram testified:

> "Well, in first conferring with Mr. Frame as to my representing him, I indicated to him that if he was going to what we call turn state's evidence, there would be a conflict of interest in my representing him, in my opinion. He indicated to me that he had no intention of doing any such thing."

Thereafter, two attempts were made to negotiate a plea to a lesser offense. Both were unsuccessful. No mention was made by Frame or Wolfram of the possibility of Frame's giving evidence against Pike. According to the Assistant United States Attorney who tried the case, even if Frame had agreed to plead guilty and testify against Pike, the government would not have dropped two of the charges because Frame was Pike's supplier and therefore more culpable. As mentioned, Frame received concurrent sentences on all four counts. Frame did not testify in support of his motion.

The motion was denied and this appeal followed.

At the outset we are met by the contention that the district court lacked jurisdiction to entertain the motion for new trial while Frame's direct appeal was pending in this court. At no time did Frame request a remand of the case.

Rule 33, Federal Rules of Criminal Procedure, provides in relevant part:

> "A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case." [1]

1. The predecessor to Rule 33 provided that a motion for new trial could be "entertain[ed]" by a trial court "only on re-

mand of the case by the appellate court for that purpose." Rule II(3), 292 U.S. 662 (1934). Accordingly, it was held

By necessary implication, Rule 33 permits a district court to entertain and *deny* a motion for a new trial based upon newly discovered evidence without the necessity of a remand. Only after the district court has heard the motion and decided to *grant* it is it necessary to request a remand from the appellate court. This was the clear intent of the drafters of the rule.[2] It is the uniform holding in all other circuits which have considered the issue.[3]

Our prior decisions on the question are in some confusion.

Within five years of the adoption of the rule we held, "Rule 33 requires that an application for a new trial (after an appeal has been taken), on the ground of newly-discovered evidence be made in the trial court and that this court will order a remand in the event the trial court evidences a willingness to grant the motion, and not otherwise." Zamloch v. United States, 187 F.2d 854, 856 (9th Cir. 1951). *See also* United States v. Hays, 454 F.2d 274 (9th Cir. 1972);[4] Ramirez v. United States, 294 F.2d 277, 284 (9th Cir. 1961).

In Smith v. United States, 294 F.2d 771 (9th Cir. 1961), however, we announced that this court "prefers after the motion for new trial is filed in the district court, then that a motion to remand be made here, and that the district court advise this court if it desires to entertain the motion." *Id.* at 771–772. *See also* People of Territory of Guam v. Inglett, 417 F.2d 123, 125 (9th Cir. 1969); Paddock v. United States, 302 F.2d 514 (9th Cir. 1962).

This language in *Smith, Inglett,* and *Paddock* represents a departure from the proper construction of Rule 33, adopted in our earlier decisions. Requiring a remand before the motion can be entertained on the merits is not only cumbersome for the parties, but in most cases results in the useless expenditure of judicial time and needless delay in the finality of criminal convictions.

Accordingly, we disapprove the language in *Smith, Inglett,* and *Paddock* expressing a preference for a motion for remand in this court before the motion for new trial is considered on the merits by the district court.

■■ Turning to the merits, we hold that the motion for new trial was properly denied. No showing was made of possible prejudice from the alleged conflict. *See* Davidson v. Cupp, 446 F.2d 642 (9th Cir. 1971), and cases cited. In any event, Frame's exercise of his right to retain counsel after being informed of the possible conflict and its consequences constituted a waiver of any subsequent claim based upon the alleged conflict. United States v. Sheiner, 410 F.2d 337, 341–343 (2d Cir. 1969).

Affirmed.

KILKENNY, Senior Circuit Judge (concurring):

I concur in the result.

---

that a district court lacked jurisdiction to entertain a motion for new trial without a remand. *See, e. g.,* Casebeer v. Hudspeth, 121 F.2d 914 (10th Cir. 1941).

2. "The provision that if an appeal is pending the court may grant the motion only on remand of the case, is intended to change the existing practice pursuant to which a remand of the case from the appellate court must be secured before the motion for a new trial is made in the trial court. Under the proposed rule a motion for a new trial could be made without securing a remand. If, however, the trial court decides to grant the motion then, prior to the entry of the order granting it, a remand will have to be obtained. This course will eliminate the need of a remand in those cases in which the trial court determines to deny a motion for a new trial." Fed.R.Crim.P., p. 131 (2d Prelim.Draft 1944). *See also* Dession, The New Federal Rules of Criminal Procedure: II, 56 Yale L.J. 197, 232 (1947).

3. Smith v. United States, 109 U.S.App.D.C. 28, 283 F.2d 607, 610–611 (1960); United States v. Minkoff, 181 F.2d 538 (2d Cir. 1950); Rakes v. United States, 163 F.2d 771, 772 (4th Cir. 1947); Richardson v. United States, 360 F.2d 366, 368 (5th Cir. 1966); Ferina v. United States, 302 F.2d 95, 107 n. 1 (8th Cir. 1962).

4. The cited opinion withdraws the earlier opinion in this case reported at 9th Cir., 438 F.2d 538.