USCA1 Opinion

 

 July 26, 1995 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________ No. 94-1879 UNITED STATES OF AMERICA Appellee, v. EDGAR GRACIANI, Defendant, Appellant. _________________ ERRATA SHEET The opinion of this Court issued on July 24, 1995, is amended as follows: On page 18, line 4, "Trial" should be "trial". _____ UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 94-1879 UNITED STATES OF AMERICA, Appellee, v. EDGAR GRACIANI, Defendant, Appellant. __________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ __________________________ Before Selya, Boudin and Lynch, Circuit Judges. ______________ __________________________ Harry R. Segarra, by appointment of the court, Benicio __________________ _______ Sanchez Rivera, Federal Public Defender, and Miguel A. A. _______________ ______________ Nogueras-Castro, Assistant Federal Public Defender, on various _______________ briefs for appellant. Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco _____________ _____________________ and Edwin O. Vazquez, Assistant United States Attorneys, on brief ________________ for the United States. _________________________ July 24, 1995 _________________________  SELYA, Circuit Judge. Defendant-appellant Edgar SELYA, Circuit Judge. ______________ Graciani challenges the sentence imposed below on several grounds. He also belatedly moves to remand on the basis of newly discovered evidence an initiative that requires us to set out for the first time the procedural framework that pertains to a motion brought under Fed. R. Crim. P. 33 while a criminal case is pending on direct appeal, and, relatedly, to examine the interplay between Rule 33 and a defendant's guilty plea. In the end, we affirm the sentence and deny the motion. I. I. __ Background Background __________ Because appellant's conviction and sentence stem from a guilty plea rather than a verdict, we derive the pertinent facts from the presentence investigation report (PSI Report), the government's statement served pursuant to D.P.R. Loc. R. 418.2(a),1 and the transcripts of the change-of-plea and disposition hearings. See United States v. Tejada-Beltran, 50 ___ _____________ ______________ F.3d 105, 107 (1st Cir. 1995); United States v. Dietz, 950 F.2d _____________ _____ 50, 51 (1st Cir. 1991).  ____________________ 1The local rule provides: In all cases where a Presentence Investigation Report is ordered . . . counsel for the government shall file with the Court and serve upon the defendant's counsel, a statement setting forth the government's version of the facts leading to the acceptance of criminal responsibility. D.P.R. Loc. R. 418.2(a). In this case, the defendant did not object to the statement submitted by the government. 3 On or about January 14, 1992, appellant arranged to sell one-eighth of a kilogram of crack cocaine (125 grams) to a customer who was, in reality, a government operative. On the evening of January 15, appellant's courier, Carlos Delgado Rojas (Delgado), told the agent that appellant could not supply the full 125 grams of crack then and there; instead, he proposed to deliver approximately 80 grams of crack and 45-50 grams of powdered cocaine. Once the agent agreed to the substitution, the parties consummated the transaction. Subsequent measurement revealed that Delgado had delivered 85.3 grams of crack and 54.4 grams of cocaine powder. The agent expressed an interest in future purchases. Appellant agreed to sell him a half-kilogram of crack, to be delivered on January 24. At the appointed time, Delgado, armed, appeared at the delivery site accompanied by Juan Encarnacion Castro (Encarnacion) and a juvenile (G.R.M.). The men were apprehended and the arresting officers seized a loaded pistol. The officers also seized three plastic bags containing a white, powdery substance later determined to be sugar.2 Further investigation revealed that appellant gave the seized firearm to  ____________________ 2Appellant eventually admitted that he had agreed to purvey the half-kilogram of crack, and stated that he had prepared for the transaction by "cooking" that amount of cocaine. He then substituted sugar for crack, claiming that he had a premonition that he might be apprehended. The circumstances suggest that something more sinister might have been afoot. Cf. United States ___ _____________ v. Dray, 901 F.2d 1132, 1134 (1st Cir.) ("Honor, even among ____ thieves, may all too often be, in the bard's phrase, `a mere scutcheon.'") (quoting William Shakespeare, Henry IV Part I, act _______________ V, sc. 1 (1598)), cert. denied, 498 U.S. 895 (1990). _____ ______ 4 Delgado for protection during the drug transaction. The grand jury indicted Graciani, Delgado, and Encarnacion on a medley of charges. Appellant was named in seven counts of the superseding indictment. He eventually agreed to plead guilty to count 1 (which charged the unlawful distribution of 85.3 grams of crack cocaine on January 15 in violation of 21 U.S.C. 841(a)(1)) and count 7 (which charged the unlawful carriage of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. 924(c)). The plea agreement left the sentence in the court's discretion (subject, of course, to the constraints imposed by the sentencing guidelines). The district court took appellant's plea and commissioned a PSI Report. The court originally sentenced appellant on July 7, 1992,3 but then reconsidered. We do not concern ourselves with the withdrawn sentence, but focus upon the second disposition hearing (held on August 2, 1994). The court attributed to appellant (a) the weight of the crack cocaine actually supplied on January 15, (b) the weight of the powdered cocaine actually supplied on that date, and (c) the weight of the crack cocaine promised for delivery on January 24. Then, using the Drug Quantity Table, the court set appellant's base offense level (BOL) at 36. See U.S.S.G. 2D1.1(c)(4) (Drug Quantity ___ Table) (specifying a BOL of 36 for offenses involving "[a]t least  ____________________ 3The court dismissed the remaining five counts at that time as per the plea agreement. The ensuing reconsideration of the sentence did not implicate the dismissed counts. 5 500 G but less than 1.5 KG of Cocaine Base"). The court added six levels four for appellant's aggravating role in the offense, see id. 3B1.1(a), and two for ___ ___ obstruction of justice, see id. 3C1.1 and subtracted three ___ ___ levels for acceptance of responsibility, see id. 3E1.1, bringing ___ ___ the total offense level (TOL) to 39. Given appellant's status as a first offender, these computations yielded a guideline sentencing range (GSR) of 262-327 months. The court imposed a 280-month incarcerative sentence on count 1, and added a 60-month consecutive sentence on count 7 to accommodate a mandatory minimum. See 18 U.S.C. 924(c)(1). This appeal ensued. ___ II. II. ___ Discussion Discussion __________ Appellant advances a myriad of arguments in support of the appeal and the concomitant motion. We deal with these arguments seriatim. ________ A. A. __ Relevant Conduct Relevant Conduct ________________ The method of the sentencing guidelines makes the quantity of narcotics attributable to a convicted drug trafficker a key datum in constructing his sentence. See United States v. ___ _____________ Sepulveda, 15 F.3d 1161, 1196 (1st Cir. 1994), cert. denied, 114 _________ _____ ______ S. Ct. 2714 (1995); United States v. Garcia, 954 F.2d 12, 15 (1st _____________ ______ Cir. 1992); United States v. Bradley, 917 F.2d 601, 604 (1st Cir. _____________ _______ 1990). In this case, appellant castigates the district court for attributing to him a drug quantity in excess of the amount of 6 crack cocaine involved in the count of conviction. Appellant's fusillade lands well wide of the target. Under the guidelines, the aggregate amount of attributed drugs is to be derived from the sum total of all relevant conduct. The proper figure can only be computed, therefore, by careful consideration of all acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. 1B1.3(a)(2). "Relevant conduct is not limited to the counts of conviction"; rather, it includes both the charged conduct to which a defendant pleads and also any other conduct that qualifies under the relevancy rubric. Tejada-Beltran, 50 F.3d at 110; see also Garcia, 954 F.2d at 15; ______________ ___ ____ ______ Bradley, 917 F.2d at 605; U.S.S.G. 1B1.3, comment. (backg'd). _______ Specifically and in direct contradiction to the position asserted by appellant relevant conduct may include both uncharged conduct and conduct underbracing counts that have been charged and then dropped. See Tejada-Beltran, 50 F.3d at 110; ___ ______________ Garcia, 954 F.2d at 15. ______ That ends the matter. In the usual case, we review a sentencing court's drug quantity determination only for clear error. See Sepulveda, 15 F.3d at 1196; Bradley, 917 F.2d at 605. ___ _________ _______ Here, the district court supportably found that the delivery of the crack and powdered cocaine on January 15, and the agreement to sell additional crack cocaine on January 24, were all part of the same course of criminal activity, and, thus, relevant conduct. We see no error. 7 By like token, the fact that the government seized sugar, and never recovered the half-kilogram of crack that appellant promised to supply on January 24, does not sweeten the bottom line by precluding reference to the agreed quantity in the sentencing determination. Indeed, "every court to consider the issue, including this one, has concluded that an amount of drugs which a defendant negotiates to sell may be considered as relevant conduct for base offense level purposes even if the drugs are never produced." Bradley, 917 F.2d at 604.4 _______ For these reasons, we conclude that the lower court's drug quantity calculation cannot be faulted. B. B. __ Drug Equivalency Drug Equivalency ________________ Appellant's next protestation, now familiar in all the circuits, criticizes the fact that the guidelines, and specifically U.S.S.G. 2D1.1, equate one kilogram of crack cocaine to one hundred kilograms of powdered cocaine for sentencing purposes.5 We have squarely rejected claims that the  ____________________ 4To be sure, there are exceptions to this rule, see, e.g., ___ ____ U.S.S.G. 2D1.1, comment. (n.12) (requiring exclusion of negotiated amount if "the court finds that the defendant did not intend to produce and was not reasonably capable of producing [it]"); United States v. Muniz, 49 F.3d 36, 41-42 (1st Cir. 1995) _____________ _____ (discussing application of note 12); United States v. Gessa, 971 _____________ _____ F.2d 1257, 1265 (6th Cir. 1991) (remanding for findings with respect to defendant's intent and capability), but appellant has not brought his situation within the confines of any recognized exception. 5The Sentencing Commission recently submitted proposed guideline amendments that would substantially reduce the equivalency ratio between crack cocaine and powdered cocaine. See 60 Fed. Reg. 25,074, 25,075-76 (1995). The proposed changes ___ 8 conversion formula has a greater impact on African-Americans, and, thus, transgresses the Equal Protection Clause of the Fifth Amendment. See United States v. Singleterry, 29 F.3d 733 (1st ___ _____________ ___________ Cir.), cert. denied, 115 S. Ct. 647 (1994). There, we held the _____ ______ sentencing distinction between crack and powered cocaine to be constitutional, finding no significantly probative evidence that either Congress or the Sentencing Commission harbored a racial animus or discriminatory intent. Id. at 741. We also found a ___ sufficient rational basis for the conversion formula and the resultant sentencing scheme. See id. at 740. ___ ___ It is axiomatic that, "[i]n a multi-panel circuit, newly constituted panels are, for the most part, bound by prior panel decisions closely on point." Williams v. Ashland Eng'g ________ ______________ Co., 45 F.3d 588, 592 (1st Cir. 1995), petition for cert. filed, ___ ________ ___ _____ _____ 63 U.S.L.W. 3819 (U.S. May 2, 1995) (No. 94-1804-CFX). This principle applies in criminal as well as civil cases. See, e.g., ___ ____ United States v. Wogan, 938 F.2d 1446, 1449 (1st Cir.), cert. _____________ _____ _____ denied, 502 U.S. 969 (1991); see also Lacy v. Gardino, 791 F.2d ______ ___ ____ ____ _______ 980, 985 (1st Cir.) (applying principle in habeas corpus  ____________________ will become effective on November 1, 1995, absent congressional action to the contrary. See 28 U.S.C. 994(p) (1988). The ___ Commission has not yet decided whether the changes, if they become law, should apply retrospectively. See 60 Fed. Reg. at ___ 25,074. If the amendments are eventually determined to warrant retroactive application, appellant may then be in a position to seek appropriate relief in the district court. See United States ___ _____________ v. Saccoccia, ___ F.3d ___, ___ n.27 (1st Cir. 1995) [No. 93- _________ 1618, slip op. at 65 n.27]; United States v. Connell, 960 F.2d _____________ _______ 191, 197 n.10 (1st Cir. 1992). We express no opinion on the subject, but merely note the possibility and proceed without further reference to what the future may bring. 9 context), cert. denied, 479 U.S. 888 (1986). Because Singleterry _____ ______ ___________ is controlling on this issue, we dismiss appellant's claim.6 C. C. __ Other Adjustments Other Adjustments _________________ Appellant complains of two upward adjustments to his BOL, one for role in the offense and one for obstruction of justice. Neither of these complaints need occupy us for long. 1. Role in the Offense. U.S.S.G. 3B1.1(a) provides 1. Role in the Offense. ____________________ for elevating a defendant's BOL by four levels if the district court makes both a status determination (that the defendant was "an organizer or leader of a criminal activity") and a scope determination ("that the defendant's criminal activity involved five or more participants or was otherwise extensive"). We have explicated this proviso in a series of opinions, see, e.g., ___ ____ United States v. Rostoff, 53 F.3d 398, 413-14 (1st Cir. 1995); ______________ _______ Tejada-Beltran, 50 F.3d at 110-12; United States v. McDowell, 918 ______________ _____________ ________ F.2d 1004, 1011-12 (1st Cir. 1990), and it would be pleonastic to rehearse that jurisprudence here. Two comments should suffice. First, the determination of a defendant's role in an  ____________________ 6In any event, every other circuit that has grappled with this claim has rejected the arguments necessary to find 2D1.1 in violation of the constitutional guarantee of equal protection. See, e.g., United States v. Moore, ___ F.3d ___, ___ (2d Cir. ___ ____ ______________ _____ 1995) [No. 94-1330, slip op. at 4-7]; United States v. Cherry, 50 _____________ ______ F.3d 338, 342-44 (5th Cir. 1995); United States v. Williams, 45 _____________ ________ F.3d 1481, 1485-86 (10th Cir. 1995); United States v. Butler, 41 _____________ ______ F.3d 1435, 1442 (11th Cir.), cert. denied, 115 S. Ct. 1987 _____ ______ (1995); United States v. Johnson, 40 F.3d 436, 439-41 (D.C. Cir. _____________ _______ 1994), cert. denied, 115 S. Ct. 1412 (1995); United States v. _____ ______ _____________ McMurray, 34 F.3d 1405, 1413 (8th Cir. 1994), cert. denied, 115 ________ _____ ______ S. Ct. 1164 (1995); United States v. Frazier, 981 F.2d 92, 95 (3d _____________ _______ Cir. 1992), cert. denied, 113 S. Ct. 1661 (1993). _____ ______ 10 offense is necessarily fact-specific. Appellate courts review such determinations only for clear error. See Garcia, 954 F.2d ___ ______ at 18; Dietz, 950 F.2d at 52. Thus, absent a mistake of law, _____ battles over a defendant's status and over the scope of the criminal enterprise will almost always be won or lost in the district court. See McDowell, 918 F.2d at 1011 (urging "that ___ ________ considerable respect be paid to the views of the nisi prius court" in connection with such findings) (quoting United States _____________ v. Ocasio, 914 F.2d 330, 333 (1st Cir. 1990)). In this case, we ______ see no hint of clear error in the trial court's determination that appellant was the leader of an enterprise of the requisite size. Appellant strives to avoid clear-error review by isolating a supposed mistake of law. He says that the court erred in making its scope determination; there could not have been "five or more participants" because only convicted individuals can be counted, and, here, the government indicted no more than three persons (Graciani, Delgado, and Encarnacion). The argument cannot withstand the mildest scrutiny. The law is pellucid that a scope determination under section 3B1.1(a) turns not on the number of people convicted, but on the number of persons involved in the criminal activity, whether or not indicted (let alone convicted). See Dietz, 950 F.2d at 53. That ___ _____ is, the defendant's BOL may be elevated under section 3B1.1(a) "as long as the record permits the sentencing court to make `a specific finding, based on a preponderance of the evidence, which 11 pinpoints [the participants] with enough particularity to give credence to the upward adjustment.'" Tejada-Beltran, 50 F.3d at ______________ 113 (quoting McDowell, 918 F.2d at 1011). ________ The record before us clears this hurdle with room to spare. In addition to Delgado, Encarnacion, G.R.M., and appellant himself, the PSI Report states without contradiction that appellant was the leader and organizer of a band, mostly comprised of juveniles, that was involved, inter alia, in drug _____ ____ trafficking activities. The numerosity requirement was, therefore, satisfied.7 See, e.g., United States v. Diaz- ___ ____ ______________ _____ Villafane, 874 F.2d 43, 48 (1st Cir.) (approving similar role-in- _________ the-offense adjustment despite lack of express identification of all co-participants), cert. denied, 493 U.S. 862 (1989). _____ ______ 2. Obstruction of Justice. The district court 2. Obstruction of Justice. ________________________ increased appellant's BOL by two levels under U.S.S.G. 3C1.1. The court predicated the enhancement on a finding that appellant threatened both a confidential informant and a cooperating codefendant in an effort to influence their testimony against him. Appellant now challenges the adjustment on the basis that  ____________________ 7To trigger 3B1.1(a), a scope determination must yield a supportable finding that the criminal activity meets either the numerosity requirement or the guideline's extensiveness __ requirement. See Rostoff, 53 F.3d at 413; Tejada-Beltran, 50 ___ _______ ______________ F.3d at 110. Here, the record shows not only numerosity but also extensiveness. DEA agents seized a ledger that established a wide-ranging pattern of drug trafficking activities, and a trash bag containing thousands of empty vials used to package crack cocaine. On this basis, the extensiveness requirement is satisfied. See, e.g., Dietz, 950 F.2d at 53 (emphasizing ___ ____ _____ importance of "width, breadth, scope, complexity and duration of the scheme" in connection with an extensiveness determination). 12 he was not charged with obstruction of justice and did not admit to committing the underlying conduct. This challenge is too little, too late. Appellant never advanced this objection in the court below. It is black letter law that, "in connection with sentencing as in other contexts, . . . arguments not seasonably addressed to the trial court may not be raised for the first time in an appellate venue." Dietz, 950 F.2d at 55; accord United States v. Piper, 35 _____ ______ _____________ _____ F.3d 611, 620 n.6 (1st Cir. 1994), cert. denied, 115 S. Ct. 1118 _____ ______ (1995); Sepulveda, 15 F.3d at 1202. Consequently, appellant's _________ challenge is foreclosed. D. D. __ The Eighth Amendment The Eighth Amendment ____________________ Appellant contends that a 280-month sentence for the distribution of so paltry an amount of crack cocaine constitutes cruel and unusual punishment in derogation of the Eighth Amendment. We do not agree. The Eighth Amendment does not require a precise calibration of crime and punishment in noncapital cases. See ___ United States v. Saccoccia, ___ F.3d ___, ___ (1st Cir. 1995) _____________ _________ [No. 93-1618, slip op. at 72]. At most, the Eighth Amendment gives rise to a "narrow proportionality principle," Harmelin v. ________ Michigan, 501 U.S. 957, 997 (1991) (opinion of Kennedy, J.), ________ forbidding only extreme sentences that are significantly disproportionate to the underlying crime. See id. at 1001; see ___ ___ ___ also Solem v. Helm, 463 U.S. 277, 288 (1983); Saccoccia, ___ F.3d ____ _____ ____ _________ 13 at ___ [slip op. at 72]; United States v. Munoz, 36 F.3d 1229, _____________ _____ 1239 (1st Cir. 1994), cert. denied, 115 S. Ct. 1164 (1995). _____ ______ It is, therefore, unsurprising that, with a regularity bordering on the echolalic, courts have repulsed Eighth Amendment challenges to lengthy incarcerative sentences in drug cases. For example, in Hutto v. Davis, 454 U.S. 370, 374 (1982), the Supreme _____ _____ Court upheld a 40-year prison sentence for possessing nine ounces of marijuana with distributive intent. More recently, a clear majority of the Justices in Harmelin, while differing on the ________ constitutional status of proportionality review, found insufficient disproportionality to forestall a mandatory sentence of life without parole for possession of over 650 grams of cocaine. Recent opinions of the courts of appeals are to like effect. See, e.g., Munoz, 36 F.3d at 1239 (holding that a 240- ___ ____ _____ month sentence meted out for participation in a crack-selling conspiracy involving less than 900 grams of cocaine base accorded with the Harmelin standard); United States v. Wesley, 990 F.2d ________ _____________ ______ 360, 367 (8th. Cir. 1993) (holding that 100-to-1 sentencing ratio between cocaine and crack cocaine does not violate the Eighth Amendment). With these cases as a reference point, appellant's sentence cannot successfully be attacked on Eighth Amendment grounds. E. E. __ The Motion To Remand The Motion To Remand ____________________ Following the submission of the parties' appellate briefs, appellant's new counsel filed a motion in this court 14 asking us to withhold decision and remand the case to the district court for a hearing on "newly discovered evidence" and for a new trial.8 The motion was accompanied by an affidavit of G.R.M. (now identified as German R. Maldonado) that purports to absolve appellant of responsibility for the offenses of conviction. The motion asserts that this "newly discovered evidence" warrants the relief requested. We think not. In the first place, appellant puts the cart before the horse. Concededly, a motion for a new trial based on newly discovered evidence can be brought while a criminal case is pending on direct appeal. See Fed. R. Crim. P. 33.9 The ___ question remains, however, whether the court of appeals is the appropriate forum in which a criminal defendant may initiate review of a Rule 33 motion by the district court, and, relatedly, whether a remand is necessary before the district court can  ____________________ 8In point of fact, counsel filed two motions, both of which rely on the same affidavit. To the extent that the second motion can be read as requesting different relief a hearing as to whether the plea agreement is null and void (and, presumably, whether the appellant should be permitted to withdraw his plea)  we deny it without prejudice to the filing of a proper petition under 28 U.S.C. 2255 (1988). The plea-withdrawal argument was not raised below and, in the absence of essential factfinding, we decline to entertain it on direct appeal. 9The rule states in pertinent part: A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. Fed. R. Crim. P. 33. 15 entertain a Rule 33 motion. In general, both parts of this inquiry evoke a negative response. A criminal defendant who aspires to employ Rule 33 while his conviction is pending on direct appeal is not obliged either to file a motion for remand in the court of appeals or to seek any type of leave from that court. To the contrary, the proper procedure under such circumstances is for the defendant, without further ado, to file his Rule 33 motion in the district court. See United States v. Phillips, 558 F.2d 363, 363 (6th ___ _____________ ________ Cir. 1977) (per curiam). Once the motion has been so docketed, the district court has jurisdiction to entertain it notwithstanding the pendency of the appeal, and may either deny it on the merits or indicate an intention to grant it. See ___ United States v. Fuentes-Lozano, 580 F.2d 724, 725-26 (5th Cir. _____________ ______________ 1978) (per curiam); United States v. Frame, 454 F.2d 1136, 1138 ______________ _____ (9th Cir.) (per curiam), cert. denied, 406 U.S. 925 (1972); see _____ ______ ___ also United States v. Cronic, 466 U.S. 648, 666 n.42 (1984) ____ ______________ ______ (noting correct procedural progression). If the district court denies the motion, the defendant may take a further appeal; and if the court proposes to grant the motion, it ordinarily will issue a written statement to that effect so that the defendant, armed with the advisory, may then request an order of remand from the appellate court. See Frame, 454 F.2d at 1138. ___ _____ We adopt this protocol, requiring a Rule 33 motion to be filed initially in the district court when a direct appeal of a criminal conviction is pending, for four main reasons. First, 16 the protocol accords with the weight of authority. See, e.g., ___ ____ Phillips, supra; Frame, supra. Second, it comports with the ________ _____ _____ _____ discernible intention of the drafters of the 1944 amendments to Rule 33. See, e.g., Frame, 454 F.2d at 1138 (discussing 1944 ___ ____ _____ amendments). Third, it coheres with our established procedural paradigm for handling parallel situations on the civil side. See ___ Toscano v. Chandris, 934 F.2d 383, 386 (1st Cir. 1991) _______ ________ (explaining that "if an appeal is pending, a Rule 60(b) motion should first be filed in the trial court, and the district judge, if inclined to allow it, may then request remand"); Commonwealth ____________ of Puerto Rico v. S.S. Zoe Colocotroni, 601 F.2d 39, 42 (1st Cir. ______________ ____________________ 1979) (ordaining comparable procedure when, during the pendency of an appeal from a final judgment, a party claims to have discovered an exogenous basis for relief from the judgment). Last but not least, principles of sound judicial administration counsel that the district court should be allowed to exercise its discretion to the fullest extent permissible under Rule 33 before the court of appeals becomes enmeshed. See ___ Frame, 454 F.2d at 1138. The protocol we adopt today meets this _____ objective. It takes advantage of the district court's greater familiarity with the case; it husbands judicial resources, thus eliminating the need for a time-consuming remand in those situations in which the trial court discerns no basis for granting a new trial; and, finally, it ensures that the merits of the motion for new trial will be heard rapidly, while at the same 17 time keeping the earlier appeal on track.10 Since appellant did not follow this protocol in moving to remand, his motion must in all events be denied for procedural reasons. But, there is an added wrinkle. If the problem were purely procedural, we would simply deny the motion to remand without prejudice to appellant's pursuit of redress under Rule 33 in the district court. See United States v. Boberg, 565 F.2d ___ _____________ ______ 1059, 1063 (8th Cir. 1977) (affirming conviction in analogous circumstances "without prejudice to any motion to the district court for a new trial on the grounds of newly discovered evidence"). Here, however, the vice is more profound; the motion is also substantively infirm. We explain briefly. By its express terms, Rule 33 is confined to those situations in which a trial has been had. In the court below, appellant admitted his guilt, abjuring a trial. A defendant who ________ enters a guilty plea cannot thereafter use Rule 33 as a wedge to undo his acknowledgement that he committed the offense. See ___ United States v. Collins, 898 F.2d 103, 104 (9th Cir. 1989) (per _____________ _______ curiam); United States v. Lambert, 603 F.2d 808, 809 (10th Cir. _____________ _______ 1979); Williams v. United States, 290 F.2d 217, 218 (5th Cir. ________ _____________ 1961) (per curiam); see also United States v. Prince, 533 F.2d ___ ____ _____________ ______  ____________________ 10The Fifth Circuit has suggested in dictum that "to avoid delay" a criminal defendant may, alternatively, ask the court of appeals to remand before initiating proceedings to in the district court. See Fuentes-Lozano, 580 F.2d at 726. If such an ___ ______________ alternative exists at all a question on which we need not pass it is available only in cases characterized by exceptional circumstances (including the looming prospect of unusual hardship). 18 205, 208 (5th Cir. 1976) (applying same principle in bar of proffered Rule 33 motion following plea of nolo contendere); see ___ generally 3 Charles A. Wright, Federal Practice and Procedure  _________ _______________________________ 556, at 313 (2d ed. 1982); cf. United States v. Cordero, 42 F.3d ___ _____________ _______ 697, 698 (1st Cir. 1994) (holding that a defendant, by entering an unconditional plea of guilty, waives any right to challenge his conviction on the basis of earlier, non-jurisdictional rulings). In fine, Rule 33 "applies only to cases in which a trial, either to the court or to a jury, has taken place." Lambert, 603 F.2d at 809. _______ We need go no further. Because Fed. R. Crim. P. 33 cannot be invoked to undermine a conviction predicated upon a guilty plea, we deny appellant's motion to remand. To do otherwise would promote an exercise in futility. Affirmed. Affirmed. ________ 19