NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30086 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00034-TMB-1 |
| v. | |
| SABIL MUJAHID, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted May 3, 2011
Anchorage, Alaska

Before: ALARCÓN, GRABER, and BYBEE, Circuit Judges.

Sabil Mujahid appeals from the judgment of conviction and the sentence

imposed by the district court following his jury trial wherein he was found guilty

of felony possession of a firearm and ammunition in violation of 18 U.S.C.

§ 922(g)(1). We find no error in the district court's rulings and affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

I

Mujahid contends that the district court abused its discretion in denying his motion for a mistrial and in ruling that the District of Alaska's jury selection procedures did not violate the Fifth and Sixth Amendments to the United States Constitution, or the Jury Selection and Service Act of 1968 ("JSSA"), 28 U.S.C. §§ 1861-1878. We review the denial of a motion for a mistrial for abuse of discretion. *United States v. Banks*, 514 F.3d 959, 973 (9th Cir. 2008). A ruling on a challenge to the composition of a petit jury is reviewed "independently and non-deferentially." *United States v. Rodriguez-Lara*, 421 F.3d 932, 939 (9th Cir. 2005) (internal quotation marks omitted).

A

Mujahid's contention that the District of Alaska's jury selection procedures violate the equal protection principles of the Fifth Amendment fails because he has not demonstrated discriminatory intent. *See United States v. Esquivel*, 88 F.3d 722, 727 (9th Cir. 1996) ("[T]he most crucial factor in an equal protection case is a showing of discriminatory intent."). "[A] selection procedure that is susceptible of abuse or is not racially neutral supports the presumption of discrimination . . . ." *Castaneda v. Partida*, 430 U.S. 482, 494 (1977). Mujahid does not argue that the District of Alaska's jury selection procedures are susceptible of abuse or are not

2

racially neutral. We have previously held that the use of registered voter lists is not presumptively discriminatory. *Esquivel*, 88 F.3d at 728. Mujahid's argument that the "disparate impact" of the jury selection procedures may suffice as evidence of discriminatory intent is contrary to the Supreme Court's decision in *Hernandez v. New York*, 500 U.S. 352, 362 (1991).

**B**

The district court did not err in determining that the District of Alaska's jury selection procedures, which randomly draw jurors from registered voter lists, did not violate the Sixth Amendment's requirement that jurors be drawn from a fair cross-section of the community. *See Rodriguez-Lara*, 421 F.3d at 943-44 ("We have declined to find underrepresentation of a distinctive group where the absolute disparity was 7.7% or lower . . . .") (citing *United States v. Suttiswad*, 696 F.2d 645, 649 (9th Cir. 1982). The law in this circuit is well established: to make a prima facie case of a fair cross-section violation, a defendant must show that representation of African-Americans in the "venires from which juries were selected was not fair and reasonable in relation to the number of blacks in the community." *Thomas v. Borg*, 159 F.3d 1147, 1150 (9th Cir. 1998). In making this determination, "[o]ur case law has settled on [an] 'absolute disparity' [test] – the difference between the percentage of the distinctive group in the community

and the percentage of that group in the jury pool – as the appropriate measure of the representativeness of the jury pool." *Rodriguez-Lara*, 421 F.3d at 943 (citing *United States v. Sanchez-Lopez*, 879 F.2d 541, 547 (9th Cir. 1989)).

The district court correctly found that the absolute disparity between the percentage of African-Americans in the community and the percentage of African-Americans in the Anchorage Division's[1] jury venires was 2.87%. An absolute disparity of 2.87% is insufficient to make a prima facie showing of substantial underrepresentation. *See Suttiswad*, 696 F.2d at 649 (7.7% not substantial); *Thomas*, 159 F.3d at 1151 (5.0% not substantial); *Esquivel*, 88 F.3d at 727 (4.9% not substantial); *United States v. Kleifgen*, 557 F.2d 1293, 1296-97 (9th Cir. 1977) (absolute disparity of 2.9% (African-Americans) and 4.4% (males) not substantial).

## C

Mujahid has also failed to demonstrate a violation of section 1863(b)(2) of the JSSA. *See United States v. Herbert*, 698 F.2d 981, 984 (9th Cir. 1983) ("The test for a constitutionally selected jury is the same, whether challenged under the fifth and sixth amendments of the Constitution or under the [JSSA].") (citation omitted).

---

[1]The District of Alaska is divided into divisions. The jury selected in this case was drawn from the Anchorage Division.

## II

Mujahid also challenges the composition of the petit jury on the ground that comments made by a prospective juror concerning his ethnicity denied him his "right to a fair trial." Mujahid waived this argument because it was not raised before the trial court. *See Shotwell Mfg. Co. v. United States*, 371 U.S. 341, 362 (1963) (upholding the "settled course of decision" established by "lower federal courts . . . that an objection to the petit jury array is not timely if it is first raised after verdict"). Immediately following the prospective juror's comments during voir dire, the district court offered counsel an opportunity to request a sidebar to challenge the remaining prospective jurors for cause. The reporter's transcript reflects that Mujahid did not request a sidebar conference nor did he challenge the juror for cause. No exception to waiver applies here. *See id.* at 362-63 (discussing circumstances that would warrant reaching the merits of an iuntimely objection)."

## III

Mujahid maintains that the October and November 2008 jailhouse recordings in which he admitted ownership of a .44 magnum revolver were too remote in time to be admissible under Rule 404(b) of the Federal Rules of Evidence. Mujahid was charged in the indictment with the possession of a .44 magnum revolver. We have held that conduct committed five years before a

5

charged offense was not too remote in time to be admissible pursuant to Rule 404(b). *See United States v. Houser*, 929 F.2d 1369, 1373 (9th Cir. 1991) (holding that a five-year-old conviction for distribution of drugs was "not a remote conviction and therefore can come within Rule 404(b)"). The district court did not abuse its discretion in admitting the audio recordings.

## IV

Mujahid asserts that the denial of his motion to continue the sentencing hearing until the conclusion of his pending trial on other charges denied his right of allocution because it forced him to choose between allocution at the sentencing hearing in this matter and his Fifth Amendment right against self-incrimination. We review the denial of a motion to continue a sentencing hearing for an abuse of discretion. *United States v. Lopez-Patino*, 391 F.3d 1034, 1036 (9th Cir. 2004) (per curiam). The right of allocution "may be satisfied by allowing a defendant an opportunity to make a statement before the end of sentencing." *United States v. Leasure*, 122 F.3d 837, 840 (9th Cir. 1997) (per curiam). Mujahid was provided with the opportunity to allocute at sentencing but declined to do so. Due process requires no more, notwithstanding the pendency of other charges. *See United States v. Biagon*, 510 F.3d 844, 847-48 (9th Cir. 2007) (holding that the right of allocution was not violated where the district court denied the defendant's motion

to close the courtroom even though the defendant argued that an open courtroom would prevent his ability to discuss his cooperation with the government).

**V**

Mujahid's argument that the district court erred in applying a two-level enhancement to his sentence is not persuasive. We review a "district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of this case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005).

The district court did not abuse its discretion in applying a two-level enhancement to Mujahid's sentence based upon facts set forth in the Final Pre-Sentence Report concerning possession of a weapon that was not an element of the charged offense. "Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." U.S.S.G. § 1B1.3 cmt. background.

During the November 30, 2008 recorded jailhouse telephone call, Mujahid stated that he possessed three firearms. This fact was not disputed at the sentencing hearing and Mujahid does not dispute it in this appeal. It is well-settled that in reaching sentencing determinations, a district court may count firearms that

were not listed in the indictment in determining whether application of an upward level enhancement is appropriate. *See United States v. Nichols*, 464 F.3d 1117, 1121-23 (9th Cir. 2006) (holding that possession of a Glock, which was not charged in the indictment, "qualified as relevant conduct" for the enhancement determination).

## VI

Mujahid raises for the first time on appeal the contention that the Government failed to disclose impeachment evidence regarding his own defense witness, Gregory Tsebaote, until after the trial in this matter, in violation of his right to due process under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). We decline to consider this issue because it was not preserved or raised in any fashion before the district court. *See United States v. Frame*, 454 F.2d 1136, 1138 (9th Cir. 1972) (per curiam) (stating that if the appellant discovers new evidence while his case is on appeal, "Rule 33 requires that an application for a new trial . . . be made in the trial court and that this court will order a remand in the event the trial court evidences a willingness to grant the motion, and not otherwise" (citation omitted)); *see also United States v. Cronic*, 466 U.S. 648, 667 n.42 (1984) (where appeal was still pending, "[t]he District Court had jurisdiction to entertain the [Rule 33] motion and either deny the motion

8

on its merits, or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case").

**AFFIRMED.**